David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendant
American Safety Indemnity Company

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendants. | Case No. CV08-01577 GPS (AGRx)<br><br>**DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES [28 U.S.C. 1404(a)]**<br><br>[Filed and Served Concurrently With Declaration of Jean Fisher]<br><br>Date:      April 14, 2008<br>Time:      1:30 p.m.<br>Place:     Courtroom 7<br>Judge:     Hon. George P. Schiavelli<br><br>ORAL ARGUMENT REQUESTED |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 14, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 7 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, Defendant AMERICAN SAFETY INDEMNITY COMPANY will and hereby does move pursuant to 28 U.S.C. section 1404(a) to transfer this action to the United States District Court for the Southern District of California, for the convenience

1

1    of the parties and witnesses.

2    THIS MOTION IS MADE FOLLOWING THE CONFERENCE OF

3    COUNSEL PURSUANT TO L.R. 7-3, WHICH TOOK PLACE ON MARCH

4    12, 2008.

5    This Motion will be and hereby is based on this Notice of Motion, the

6    Memorandum of Points and Authorities, and Declaration of Jean Fisher filed and

7    served concurrently herewith, upon the papers, records and pleadings on file

8    herein, and upon such further oral and documentary evidence and argument as

9    may be presented prior to or at the hearing on the Motion.  Oral argument is

10   requested.

11                                Respectfully submitted,

12   DATED: March 17, 2008        Law Offices of David S. Blau

13

14                       By: _____

15                                David S. Blau
                                  David M. Morrow
16                                Attorney for Defendant
                                  American Safety Indemnity Company
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Transfer this action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404(a).

## I.   INTRODUCTION

This is an equitable contribution lawsuit between insurers which has virtually no connection to the Central District of California, and has been filed in the County of Los Angeles solely because Plaintiff ACCEPTANCE INSURANCE COMPANY's ("Acceptance" or "Plaintiff") counsel is located there, which is irrelevant to venue considerations.  As is evident from the documents produced in this matter in state court prior to its removal, the witnesses and documents relevant to the claims at issue are located in San Diego, California, within the Southern District of California.  Essentially no evidence is located in Los Angeles County, but to the extent that any "evidence" is located outside the Southern District of California, it can easily be obtained through the use of subpoenas issued by and through the United States District Court for the Southern District of California.

The convenience of Defendant ASIC and other witnesses located in San Diego, California, dictate a transfer to the District Court for the Southern District of California, while the convenience of the Nebraska Plaintiff would be unaffected by such a transfer.

Defendant ASIC brings this motion to transfer this action on the grounds of *forum non conveniens*, as codified in 28 U.S.C. 1404(a), and respectfully requests that this action be transferred to the District Court for the Southern District of California, a forum where this case could (and should) have been brought originally, and where all Defendants and their agents acted.

1

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A.   Factual Background

#### 1.   The Defendants' and Witnesses' Residences, and Location of the Events Giving Rise to the Claim:

As alleged in the First Amended Complaint, the two (2) Defendants, ASIC and AMERICAN SAFETY RISK RETENTION GROUP, INC. ("ASRRG"), are Georgia corporations.  (See First Amended Complaint, Paras. 2 and 3.)

As further alleged in the First Amended Complaint, Defendants acted through their agent and claims administrator, American Safety Insurance Services, Inc.  (See First Amended Complaint, Paras. 18 and 21.)

American Safety Insurance Services, Inc.'s office which administered the underlying claim is located in San Diego, California.  (Fisher Dec., Para. 4.) American Safety Insurance Services, Inc.'s employee principally responsible for handling of the underlying claim, Jean Fisher, and other potential witnesses affiliated with American Safety Insurance Services, Inc., are located in San Diego, California.  (Fisher Dec., Para. 4.)  American Safety Insurance Services, Inc. maintains those business records which are relevant to the underlying claim in San Diego, California.  (Fisher Dec., Para. 5.)  American Safety Insurance Services, Inc. does not maintain an office or employees in Los Angeles, within the Central District of California.  (Fisher Dec., Para. 6.)

Plaintiff is a Nebraska corporation. (See First Amended Complaint, Para. 1.)

Accordingly, the alleged conduct of the Defendants in this matter occurred in San Diego, California. (First Amended Complaint, Para. 18 and 21.)

#### 2.   The Other Current Litigation Brought By Plaintiff Against ASIC in San Diego, California:

On February 1, 2008, Plaintiff filed another equitable contribution action against ASIC in San Diego, California.  (See Exhibit "1" to Fisher Dec.)  This action is styled Acceptance Insurance Company v. American Safety Indemnity

2

Company, San Diego Superior Court Case No. 37-2008-00077126-CU-IC-CTL, on February 1, 2008.

### B.    Procedural Background

On May 22, 2006, Plaintiff filed the instant action in the Los Angeles County Superior Court (Case No. BC352725), alleging causes of action for equitable contribution and declaratory relief. On February 7, 2007, Plaintiff filed a First Amended Complaint naming ASIC as a defendant for the first time. On March 6, 2008, Defendant ASIC filed a Notice of Removal of the action from the Los Angeles County Superior Court to the United States District Court, Central District of California.

## III. ARGUMENT

### A.    Authority for the Transfer of Venue

28 U.S.C. § 1391(a) provides,

> "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides . . . , (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .**, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." (Emphasis added.)

In this case, jurisdiction is predicated solely upon the diversity statute. See 28 U.S.C. § 1332.

The doctrine of forum non conveniens, codified in 28 U.S.C. §1404(a) provides:

> "For the convenience of the parties and witnesses, in the

3

1  interest of justice, a district court may transfer any civil

2  action to any other district or division where it might

3  have been brought."

4  Further, Section 1406(a) provides: "The district court of a district in which

5  is filed a case laying venue in the wrong division or district shall dismiss, or if it

6  be in the interests of justice, transfer such case to any district or division in

7  which it could have been brought."  This Court has jurisdiction over the subject

8  matter of this action to order a transfer.  Bookout v. Beck, 354 F.2d 823, 825

9  (9th Cir. 1965).

10  Under section 1404(a), courts have broad discretion to examine the

11  convenience of the witnesses, the convenience of the parties, and the interest of

12  justice.  Lopez Perez v. Hufstedler, 505 F. Supp. 39, 41 (D.DC 1980); E. & J.

13  Gallo Winery v. F. & P.S.P.A., 899 F.Supp. 465, 466 (E.D.Cal. 1994).  In

14  determining the convenience of the witnesses, courts typically evaluate where

15  the witnesses are located, and the importance of their testimony in relation to the

16  issues in the case.  Harrison v. Union Pacific R.R. Co., 45 F.Supp.2d 680, 684

17  (E.D. Mo. 1999); Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc., 42

18  F.Supp.2d 821, 834 (N.D.Il. 1999).

19  In evaluating the interests of justice to determine whether transfer is

20  appropriate, preventing a waste of time and money weighs in favor of transfer.

21  Van Dusen v. Barrack, 376 U.S. 612, 643 (1964).  Courts will also  consider: (1)

22  the relative ease of access to proof in the new forum and transferee forum [In re

23  Horseshoe Entertainment, 305 F.3d 354, 358 (5th Cir. 2002); Van Dusen, supra,

24  376 U.S. at 616]; and (2) the relative means of the parties [Goldstein v. Rusco

25  Industries, Inc., 351 F. Supp. 1314, 1318 (E.D.N.Y. 1972)].

26  The availability of compulsory process in the transferee forum is also a

27  consideration in the transfer analysis.  Reed v. Fina Oil & Chem. Co., 995 F.

28  Supp. 705, 714 (D.Me. 1996).

4

**B.    The Convenience of the Parties and Witnesses Mandate Transfer of this Action to the Southern District of California**

Defendant ASIC is alleged to have acted though its claims administrator, American Safety Insurance Services, Inc. (First Amended Complaint, Paras. 18 and 21.)

American Safety Insurance Services, Inc.'s office from which the underlying claim was administered, the employee(s) responsible for the handling of the underlying claim (e.g., Jean Fisher), and the business records which are relevant to the underlying claim, are all located in San Diego, California. (Fisher Dec., Paras. 3, 4, and 5.) American Safety Insurance Services, Inc. does not maintain an office or employees in Los Angeles, within the Central District of California. (Fisher Dec., Para. 6.) Accordingly, the alleged conduct of the Defendants in this matter occurred in San Diego, California. (First Amended Complaint, Para. 18 and 21.)

Many of these witnesses would find it difficult to travel from their residences for discovery and trial. In addition, this travel would increase costs for all parties to conduct discovery.

**C.    The Interests of Justice Also Dictate Transferring This Action To the Southern District of California**

In the present case, transfer will prevent a waste of time and money because the offices, documents, and employees of Defendant's claim administrator American Safety Insurance Services, Inc. are located in San Diego, in the Southern District of California. The costs to the Defendants and local witnesses would be reduced by litigating the case in San Diego.

Moreover, the parties are currently litigating another equitable contribution dispute in San Diego, which Plaintiff recently commenced. (See Exhibit "1" to Fisher Dec.) Plaintiff's filing of the other contribution action against ASIC in San Diego, California is a concession that San Diego is the proper jurisdiction

5

1   for such litigation between the parties.  The presence of related litigation in a

2   forum is relevant to determining the "interests of justice."  <u>Black and Decker</u>

3   <u>Corp. v. Vermont American Corp.</u>, 915 F.Supp. 933 (N.D. Ill. 1995).

4       Further, unlike the case at bar, the other contribution action referenced

5   immediately above does not arise out of an underlying construction defect action

6   venued in California, but rather from underlying actions litigated in the states of

7   Oregon and Washington.  (Fisher Dec., Para. 7.)

8       Based on the foregoing, transferring this action to the Southern District of

9   California will promote justice through preventing the waste of time and money,

10  and by allowing easier access to proof.

11      **D.    <u>Plaintiff's Choice of Forum is Not Entitled to Deference In This</u>**

12          **<u>Case</u>**

13      Although in certain cases courts give some weight to a plaintiff's choice of

14  forum (<u>Lewis v. ACB Business Services, Inc.</u>, 135 F.3d 389, 413 (6th Cir.

15  1998)), the significance given to plaintiff's choice of forum is substantially

16  decreased when, as is the case herein, plaintiff has commenced an action in a

17  forum that is not his or her residence.  <u>New Image, Inc. v. Travelers Indem. Co.</u>,

18  536 F.Supp. 58, 59 (E.D.Pa. 1981).  If a non-resident plaintiff can be offered an

19  equally convenient forum, the initial choice of forum will be afforded even less

20  deference.  <u>Reiffin v. Microsoft Corp.</u>,104 F.Supp.2d 48, 52 (D.D.C. 2000).

21      In the present case, Plaintiff commenced this action in California, which is

22  not its residence, and thus its choice of forum is entitled to less deference.  As

23  Plaintiff is a Nebraska corporation, the Southern District of California provides a

24  forum equally convenient in which to litigate this action.

25  **V.   CONCLUSION**

26      All of the factors that the Court should address in considering this motion

27  weigh in favor of this matter proceeding in the Southern District of California

28  rather than in the Central District.  The case lacks sufficient ties to the Central

6

1  District of California, and the Southern District of California is the forum most

2  appropriate and convenient to Defendants and witnesses, and equally convenient

3  to Plaintiff, which has already submitted to jurisdiction there in another matter

4  between the parties.

5      Accordingly, Defendant ASIC requests that the Court grant this motion to

6  transfer this action to the Southern District Court for convenience pursuant to 28

7  U.S.C. 1404(a).

8                                         Respectfully submitted,

9  DATED: March 17, 2008                 Law Offices of David S. Blau

10

11  By:  _____

12                                         David S. Blau
                                          David M. Morrow
13                                         Attorney for Defendant
                                          American Safety Indemnity Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]**

**PROOF OF SERVICE**

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On March 17, 2008, I served the foregoing documents described as **DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES [28 U.S.C. 1404(a)]** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X ]    BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]    VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above.  This document was transmitted by facsimile and transmission reported complete without error.

[X ]    FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

1

1    Executed on March 17, 2008 at Los Angeles, California.

2    I declare under penalty of perjury under the laws of the State of California that

3    the above is true and correct.

4

5

6    _____
     Lea Powell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## SERVICE LIST

2

### *Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

3

United States District Court Case No.

4

5 Raymond C. Dion
Perry E. Rhoads
6 Koletsky, Mancini, Feldman & Morrow
7 3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
8 Telephone: (213)427-2350
Facsimile: (213)427-2366
9

10 Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

11

12 Michael Larin
Dana Alden Fox
13 Matthew Harrison
14 Lynberg & Watkins
888 South Figueroa Street, 16th Floor
15 Los Angeles, CA 90017-2763
Telephone: (213)624-8700
16 Facsimile: (213)892-2763

17

18 Attorneys for Defendant,
AMERICAN SAFETY RISK RETENTION GROUP, INC.

19

20

21

22

23

24

25

26

27

28

3

---

1  David S. Blau (Bar No. 166825)
   David M. Morrow (Bar No. 175776)
   Law Offices of David S. Blau, P.C.
2  6080 Center Drive, Suite 210
   Los Angeles, California 90045
3  (310) 410-1900 phone
   (310) 410-1901 fax
4  david@blaulaw.net

5  Attorneys for Defendant
   American Safety Indemnity Company
6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ACCEPTANCE  INSURANCE          Case No. CV08-01577 GPS (AGRx)
    COMPANY,
12                                 DECLARATION OF JEAN FISHER
                                   IN SUPPORT DEFENDANT
13              Plaintiff,         AMERICAN SAFETY INDEMNITY
                                   COMPANY'S MOTION TO
                                   TRANSFER FOR CONVENIENCE
14      vs.                        [28 U.S.C. 1404(a)]

15  AMERICAN SAFETY RISK           [Filed and Served Concurrently With
    RETENTION GROUP, INC., and     Memorandum of Points and Authorities]
16  AMERICAN SAFETY INDEMNITY
    COMPANY,                       Date:    April 14, 2008
17                                 Time:    1:30 p.m.
                Defendants.
18

19           DECLARATION OF JEAN FISHER

20  I, Jean Fisher, declare as follows:

21      1. I am an attorney, duly admitted to practice before all of the Courts

22  of the State of California, and am employed by American Safety

23  Insurance Services, Inc., in its office located in San Diego, California.

24  American Safety Insurance Services, Inc. administers claims on behalf of

25  Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") in

26  connection with liability policies issued by ASIC.  I have personal

27                                 1

28

1    knowledge of the facts set forth herein and, if called upon as a witness, I

2    could and would testify competently as to all such matters under oath.

3        2.    This Declaration is made in support of Defendant ASIC's Motion

4    to Transfer For Convenience.

5        3. As an attorney for American Safety Insurance Services, Inc., I have

6    served as CD Claims Manager and Corporate Claims Counsel.  My duties

7    and responsibilities for American Safety Insurance Services, Inc. have

8    included oversight of all litigation naming ASIC, and I have under my control

9    the business records relating to litigation brought against ASIC.  I have also

10    served as the person at American Safety Insurance Services, Inc.

11    principally responsible for overseeing the investigation and disposition of

12    the tenders of construction defect claims against ASIC and its insureds, and

13    I assumed control of the file of Bay Area Construction Framers ("Bay Area")

14    in connection with the underlying construction defect lawsuit entitled Portola

15    Meadows Townhomes Assoc. v. Davidon Homes, et al., Superior Court of

16    the State of California for the County of Alameda, Case No. V-020385-4

17    (the "Portola action").

18        4.The claims against ASIC's insured, Bay Area, which arose out of

19    the Portola action, have been administered though American Safety

20    Insurance Services, Inc.'s San Diego, California office since June 2005.  I

21    as well as our construction defect adjusters are located in San Diego,

22    California.

23        5.    American Safety Insurance Services, Inc.'s business and claim

24    records relevant to the underlying claim against Bay Area are maintained

25    in American Safety Insurance Services, Inc.'s office in San Diego,

26    California.

27

28
                                    2

DECLARATION OF JEAN FISHER IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE

1   6.    American Safety Insurance Services, Inc. does not maintain an

2         office or employees in the County of Los Angeles.

3   7.    My duties and responsibilities also include oversight of another

4   equitable contribution action brought by Plaintiff Acceptance Insurance

5   Company against ASIC, and currently being litigated, in San Diego,

6   California entitled <u>Acceptance Insurance Company v. American Safety</u>

7   <u>Indemnity Company</u>, San Diego Superior Court Case No. 37-2008-

8   00077126-CU-IC-CTL.  That contribution action arises out of one

9   underlying construction defect lawsuit venued in the state of Oregon

10  entitled <u>Kelley Creek Estates Townhome Owners Association v. D.R.</u>

11  <u>Horton, et al.</u>, and a second underlying construction defect lawsuit venued

12  in the state of Washington entitled <u>Springville Condominium Owners</u>

13  <u>Association v. D.R. Horton, et al.</u>  Attached hereto as Exhibit "1" is a true

14  and correct copy of the Complaint filed on February 1, 2008, in San Diego

15  Superior Court Case No. 37-2008-00077126-CU-IC-CTL, which was

16  served on ASIC on February 7, 2008. In that action, Acceptance contends

17  San Diego is the appropriate venue and jurisdiction based on the ASIS

18  office.

19  Executed this 17th day of March 2008 at San Diego, California.

20  I declare under penalty of perjury under the laws of the States of

21  California and the United States of America that the foregoing is true and

22  correct.

23

24

25  JEAN FISHER

26

27                                         3

28

DECLARATION OF JEAN FISHER IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE

**Exhibit 1**

1   MICHAEL C. OLSON [STATE BAR NO. 129496]
    LAW OFFICE OF MICHAEL C. OLSON, P.C.
2   1400 Bristol Street N., Suite 270
    Newport Beach, California 92660
3   Telephone: (949) 442-8940
    Facsimile:  (949) 442-8935
4

5   Attorneys for Plaintiff
    ACCEPTANCE INSURANCE COMPANY

6

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 FEB -1  A 11: 06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             FOR THE COUNTY OF SAN DIEGO

9

10

11   ACCEPTANCE INSURANCE COMPANY, a     Case No.   37-2008-00077126-CU-IC-CTL
    Nebraska corporation

12                                   COMPLAINT FOR
          Plaintiff,             DECLARATORY RELIEF;

13                                     EQUITABLE CONTRIBUTION;
      v.                         AND INDEMNITY

14

15   AMERICAN SAFETY INDEMNITY COMPANY,
    a foreign corporation and DOES 1-100, inclusive,

16           Defendants.

17

18

19       COMES NOW plaintiff and alleges against the defendants, and each of them, as follows:

20                                THE PARTIES

21        1.     Plaintiff Acceptance Insurance Company ("Acceptance" or "plaintiff") brings this

22 action for declaratory relief, equitable indemnity and equitable contribution on its own behalf.

23 Acceptance is a corporation organized under the laws of the State of Nebraska.

24        2.     Plaintiff is informed and believes and thereon alleges that Defendant, American

25 Safety Indemnity Company ("American Safety" or "defendant") is a corporation organized under

26 one of the States of the United States of America, and at all relevant times herein transacted

27 insurance in the County of San Diego, State of California and maintains an office at 11440 West

28 Bernardo Court, Ste 166, San Diego, CA.

COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE CONTRIBUTION AND INDEMNITY

1      3.     The true names and/or capacities, whether individual, corporate, associate, co-

2   conspirators or otherwise, of defendants Does 1 – 100, inclusive, are unknown to plaintiff, and

3   plaintiff therefore sues these defendants by said fictitious names. Plaintiff will seek to amend this

4   complaint to show the true names and/or capacities of these defendants when this information has

5   been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants

6   designated herein as Doe is legally responsible and liable in some actionable manner for the

7   incidents, circumstances, events and/or happenings referred to herein and proximately caused the

8   damages suffered by plaintiff as alleged herein, and/or is subject to relief sought by plaintiff.

9      4.     Plaintiff is informed and believes and thereon alleges that all times mentioned herein,

10   each defendant, including those named fictitiously herein, in addition to acting for himself, herself,

11   or itself and on his, her or its own behalf individually, are and were acting as the agent, servant,

12   employee, representative, principal, partner, associate, joint venturer and/or co-conspirator of, and

13   with a knowledge, consent and permission of, each and all of the other of said defendants and therein

14   the course, scope and authority of said agency, service, employment, representation, partnership,

15   association, joint venture, or conspiracy.

16

17                       **THE UNDERLYING ACTIONS**

18                       **a. The Kelly Creek Action.**

19      5.     One of the underlying actions at issue herein concerns a construction defect action

20   filed by the Kelly Creek Estates Townhome Owners Association against several parties, including an

21   entity known as Schuler Homes of Oregon, Inc. ("Schuler"). That action is styled *Kelley Creek*

22   *Estates Townhome Owners Assn. v. D.R. Horton, et al.* ("Kelly Creek Action"). The plaintiffs in the

23   Kelly Creek Action alleged numerous construction defects, and resulting property damage, to a 45

24   unit condominium complex, constructed in full or in part by Schuler between 1999 and 2002, and

25   further alleged that Schuler was responsible, in full or in part, for said alleged damage.

26                    **b. The Springville Condo Action.**

27      6.     The second underlying action at issue herein concerns a construction defect action

28   filed by the Springville Condominium Owners Association against several parties, including Schuler.

COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE CONTRIBUTION; AND INDEMNITY

1  That action is styled *Springville Condominium Owners Association v. D.R. Horton, et al.*

2  ("Springville Action"). The plaintiffs in the Springville Action alleged numerous construction

3  defects, and resulting property damage, to a 71 unit condominium complex, constructed in full or in

4  part by Schuler between 1999 and 2002, and further alleged that Schuler was responsible, in full or

5  in part, for said alleged damage.

6      7.    The instant lawsuit concerns a dispute relating to the recovery of defense costs and

7  fees incurred, in the Kelly Creek Action and the Springville Action.

8  **POLICIES AT ISSUE AND TENDERS BY SCHULER**

9      8.    Plaintiff issued Schuler insurance policy number CL20400131 covering the policy

10  period of July 1, 1999 to July 1, 2000 ("Acceptance Policy").

11      9.    Plaintiff is informed and believes, and on that basis alleges, that American Safety

12  issued Schuler insurance policy number ESL001427-00-01 covering the policy period of July 1,

13  2000 to August 1, 2001.

14      10.    Schuler tendered the Kelly Creek Action and the Springville Action to Acceptance

15  and American Safety, and Acceptance provided a defense to Schuler in both. Acceptance contributed

16  $71,045.86 toward Schuler's defense in the Kelly Creek Action. Acceptance contributed

17  $227,553.48 toward Schuler's defense in the Springville Action. To date, American Safety has not

18  contributed any amount toward Schuler's defense in either the Kelly Creek Action or the Springville

19  Action, notwithstanding its agreement to do so.

20      11.    Plaintiff is informed and believes and thereon alleges that defendants' policy provided

21  insurance coverage (or at least potentially covered) to Schuler for the property damage alleged

22  against Schuler in both the Kelly Creek Action and the Springville Action, and further provide that

23  defendants, and each of them, had a duty to defend any claim or suit, including arbitration

24  proceedings, seeking those damages. Moreover, defendants admitted that they had an obligation to

25  defend Schuler in both actions. All conditions precedent to the duty of American Safety to defend

26  have been satisfied either through compliance or substantial compliance by Schuler.

27      12.    Plaintiff has paid defense fees and/or costs in connection with the Kelly Creek Action

28  and the Springville Action, and did not do so as a volunteer.

3

1        13.    Plaintiff has demanded that defendants, and each of them, contribute their respective

2    fairly apportioned share of the fees and costs incurred and/or paid in providing a defense to Schuler

3    in the Kelly Creek Action and the Springville Action; however, to date, defendants have failed and

4    refused to do so.

5        14.    Plaintiff alleges that any obligation or liability it may have under its policy is subject

6    to the limitations of liability, conditions, exclusions and other provisions of said insurance policy

7                                    FIRST CAUSE OF ACTION

8                            (Declaratory Relief Against all Defendants)

9        15.    Plaintiff realleges, and herein incorporates, paragraphs 1-14, inclusive, as though the

10    allegations of those paragraphs are set forth in full herein.

11        16.    There is at present a controversy between plaintiff and defendants as follows:

12    plaintiff contends that defendants, and each of them, have failed to pay the full amount of their fair

13    share of the defense fees and costs incurred on Schuler's behalf in the Kelly Creek and Springville

14    Actions.  Plaintiff is informed and believes and thereon alleges that defendants, and each of them,

15    contend otherwise.  Defendant contends that its policy has an SIR that can only be satisfied if

16    payment is made by the insured directly to the Defendant.  Plaintiff contends that the SIR can be

17    satisfied either by payment directly to the Defendant, or by payment directly to defense counsel.

18    Plaintiff contends that the SIR was satisfied and Defendant contends it was not satisfied.

19        17.    Accordingly, Plaintiff requests that this Court declare that the defendants, and each of

20    them, are obligated to reimburse Plaintiff for said defendants' fair share of the defense fees and costs

21    incurred on Schuler's behalf in the Kelly Creek and Springville Actions, and that this Court issue a

22    judicial determination of the rights and duties of the parties with respect to each insurer's share of

23    the defense of the Kelly Creek and Springville Actions, according to an allocation to be determined

24    by the Court.

25                                    SECOND CAUSE OF ACTION

26                            (Equitable Contribution Against All Defendants)

27        18.    Plaintiff realleges, and herein incorporates, paragraphs 1-17, inclusive, as though the

28    allegations of those paragraphs are set forth in full herein.

4

1    19.    Plaintiff is informed and believes and thereon alleges that the defendants, and each of

2    them, have failed to pay and continue to refuse to pay the full amount of their fair share of the

3    defense fees and costs expended on Schuler's behalf in the Kelly Creek and Springville Actions.

4    20.    Plaintiff is entitled, under equitable principles of contribution, to recover from

5    defendants said defendants' fair share of the defense fees and costs incurred on Schuler's behalf in

6    the Kelly Creek and Springville Actions.

7

8    **THIRD CAUSE OF ACTION**

9    (Indemnification Against All Defendants)

10    21.    Plaintiff realleges, and herein incorporates, paragraphs 1-20, inclusive, as though the

11    allegations of those paragraphs are set forth in full herein.

12    22.    Plaintiff, pursuant to its obligations under applicable law, paid an amount in excess of

13    its equitable share, if any, of the fees and costs incurred on behalf of Schuler in relation to the Kelly

14    Creek and Springville Actions, and did not do so as a volunteer. In fact, Plaintiff paid excess

15    amounts in this regard because of defendants' failure to contribute any amount, whatsoever, toward

16    the defense of Schuler in both the Kelly Creek and Springville Actions.

17    23.    Each defendant herein refuses to pay its equitable share of the fees and costs incurred

18    on behalf of Schuler in Kelly Creek and Springville Actions, notwithstanding the admission of each

19    that it had a duty to do so.

20    24.    As such, Plaintiff is entitled to be indemnified, by an equitable proportion, if not all,

21    of the amounts it has paid in defense of the claims made against Schuler in the Kelly Creek and

22    Springville Actions.

23    **WHEREFORE**, plaintiff prays for relief as follows:

24    1.    For a judicial determination declaring that defendants are obligated to pay their

25    respective fair and equitable share of the defense fees and costs in the Kelly Creek and Springville

26    Actions because the SIR in defendants' policy may be satisfied by payments to defense counsel;

27    2.    For a judicial determination that apportions or allocates among the parties the defense

28    fees and costs incurred in the Kelly Creek and Springville Actions;

5

1    3.    For reimbursement of, and judgment against each defendant for, the respective fair

2    and equitable share of the defense fees and costs owed by the defendants arising out of the  Kelly

3    Creek and Springville Actions;

4    4.    For pre-judgment interest on all sums expended by plaintiff in the Kelly Creek and

5    Springville Actions, which the Court determines, is the responsibility of defendants;

6    5.    For an award of costs, disbursements and fees incurred in bringing this matter before

7    the Court, to the extent allowed by applicable law; and

8    6.    For such other and further relief as the Court may deem just and proper.

9

10   Dated:    January 30, 2008          LAW OFFICE OF MICHAEL C. OLSON, P.C.

11

12                                By:    _____

13                                       MICHAEL C. OLSON
                                         Attorneys for Plaintiff
14                                       ACCEPTANCE INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00077126-CU-IC-CTL    CASE TITLE: Acceptance Insurance Company vs. American Safety Indemn

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:  Central | |

| PLAINTIFF(S):  Acceptance Insurance Company |
|---|
| DEFENDANT(S): American Safety Indemnity Company |
| SHORT TITLE:   ACCEPTANCE INSURANCE COMPANY VS. AMERICAN SAFETY INDEMNITY COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00077126-CU-IC-CTL |
|---|---|

Judge: Richard E. L. Strauss                                        Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                   ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                               ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                            ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                              ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                _____
Name of Plaintiff                                         Name of Defendant

_____                _____
Signature                                                   Signature

_____                _____
Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____                _____
Signature                                                   Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 02/01/2008                                   _____
                                                          JUDGE OF THE SUPERIOR COURT

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6148 |

PLAINTIFF(S) / PETITIONER(S):     Acceptance Insurance Company

DEFENDANT(S) / RESPONDENT(S):  American Safety Indemnity Company

ACCEPTANCE INSURANCE COMPANY VS. AMERICAN SAFETY INDEMNITY COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00077126-CU-IC-CTL |

Judge:  Richard E. L. Strauss                                     Department: C-75

COMPLAINT/PETITION FILED: 02/01/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

02/07/08 (23)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN SAFETY INDEMNITY COMPANY, a foreign corporation
and DOES 1-100

2008 FEB -1 A 11:07

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Acceptance Insurance Company, a Nebraska corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00077126-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Olson, Law Office of Michael C. Olson, P.C.,
1400 Bristol Street N. Ste 270, Newport Beach, CA 92660; tel. 949-442-8940    C. Selinsky

| | | | |
|---|---|---|---|
| DATE: FEB 0 1 2008<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | C. Selinsky | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   American Safety Indemnity company, a foreign corpo
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 02/02/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FILED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CIVIL BUSINESS
CENTRAL DIVISION

2008 FEB -1 A II: 07

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN SAFETY INDEMNITY COMPANY, a foreign corporation
and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Acceptance Insurance Company, a Nebraska corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00077126-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Olson, Law Office of Michael C. Olson, P.C.,
1400 Bristol Street N. Ste 270, Newport Beach, CA 92660; tel. 949-442-8940

C. Selinsky

DATE:
*(Fecha)* FEB 0 1 2008    Clerk, by _____, Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**PROOF OF SERVICE**

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On March 17, 2008, I served the foregoing documents described as **DECLARATION OF JEAN FISHER IN SUPPORT OF DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X ]    BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]    VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X ]    FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

1

1    Executed on March 17, 2008 at Los Angeles, California.

2    I declare under penalty of perjury under the laws of the State of California that

3 the above is true and correct.

4

5

6             Lea Powell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

1    **SERVICE LIST**

2    *Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

3    United States District  Court Case No.

4

5    Raymond C. Dion
     Perry E. Rhoads
6    Koletsky, Mancini, Feldman & Morrow
7    3460 Wilshire Boulevard, 8th Floor
     Los Angeles, CA 90010
8    Telephone: (213)427-2350
     Facsimile: (213)427-2366
9

10   Attorneys for Plaintiff,
     ACCEPTANCE INSURANCE COMPANY
11

12   Michael Larin
13   Dana Alden Fox
     Matthew Harrison
14   Lynberg & Watkins
     888 South Figueroa Street, 16th Floor
15   Los Angeles, CA 90017-2763
16   Telephone: (213)624-8700
     Facsimile: (213)892-2763
17

18   Attorneys for Defendant,
     AMERICAN SAFETY RISK RETENTION GROUP, INC.

19

20

21

22

23

24

25

26

27

28

3

---