David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendant
AMERICAN SAFETY INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>　　　　Defendants. | Case No. CV08-01577 GPS (AGRx)<br><br>**DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES [FED. R. CIV. P. 12(b)(6)]**<br><br>[Filed and Served Concurrently With Request for Judicial Notice]<br><br>Date:　April 14, 2008<br>Time:　1:30 p.m.<br>Place:　Courtroom 7<br>Judge:　Hon. George P. Schiavelli<br><br>ORAL ARGUMENT REQUESTED |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 14, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 7 of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant AMERICAN SAFETY INDEMNITY COMPANY will and hereby does move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on Plaintiff's First Amended Complaint (filed in

1

state court prior to removal), which fails to state a claim upon which relief can be granted, as the causes of action for contribution stated therein against Defendant AMERICAN SAFETY INDEMNITY COMPANY are barred by the applicable two (2) year statute of limitations provided by California Code of Civil Procedure § 339.

Plaintiff's causes of action for contribution against AMERICAN SAFETY INDEMNITY COMPANY arose on or before August 16, 2004, and yet Plaintiff failed to amend the complaint to state claims against AMERICAN SAFETY INDEMNITY COMPANY until February 7, 2008. Thus, the causes of action for contribution stated in the First Amended Complaint are time-barred as against Defendant AMERICAN SAFETY INDEMNITY COMPANY.

Further, because there is no written instrument between the Plaintiff and ASIC, the cause of action for declaratory relief cannot stand, and should similarly be dismissed.

THIS MOTION IS MADE FOLLOWING THE CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7-3, WHICH TOOK PLACE VIA TELEPHONE CONFERENCE ON MARCH 12, 2008.

This motion will be based on this notice, the attached memorandum of points and authorities, the Request for Judicial Notice, the records and pleadings on file in this action, and upon such further evidence, either oral or documentary, as this Court will consider at the hearing on this Motion. Oral argument is requested.

Respectfully submitted,

DATED: March 17, 2008          Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendant
American Safety Indemnity Company

2

NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

## I. INTRODUCTION

This action was removed by ASIC following Plaintiff's filing of a First Amended Complaint which named ASIC as a defendant for the first time in the case.

This is a contribution action between liability insurers, wherein Plaintiff claims that both Defendant ASIC, and Defendant AMERICAN SAFETY RISK RETENTION GROUP, INC. ("ASRRG"), must reimburse Plaintiff for sums incurred in the defense and indemnity of mutual insured, Bay Area Construction Framers, Inc. ("Bay Area"), in connection with an underlying construction defect action styled Portola Meadows Townhomes Assoc. v. Davidon Homes, et al., Superior Court of the State of California for the County of Alameda, Case No. V-020385-4 (the "Portola action"). Acceptance, ASRRG, and ASIC each issued separate liability policies to Bay Area.

Plaintiff's causes of action for contribution against ASIC are time-barred by the two (2) year statute of limitations set forth in California Code of Civil Procedure § 339. Plaintiff's contribution claims arose, at the latest, on or before August 16, 2004, when Plaintiff paid to settle the underlying Portola action. Plaintiff failed to name ASIC as a defendant in this action until February 7, 2008, which is nearly three (3) and a half years later. In order to assert a claim for contribution against ASIC, who was just added to the suit on February 7, 2008, Acceptance would have to allege and show a payment, concurrently owed by ASIC, made after February 7, 2006. As the underlying Portola action was

1

settled in August 2004, the statute of limitations applies.

Further, as explained herein, Plaintiff cannot rely on the "relation back" doctrine to revive its time-barred claims, because it cannot establish "genuine ignorance" of ASIC's identity at the time it initiated this action. Acceptance investigated and discovered ASIC's identity before filing this case, but simply failed to sue ASIC in a timely manner, which is clearly distinct from being truly ignorant of ASIC's identity.

For these reasons, the First Amended Complaint fails to state causes of action against ASIC upon which relief can be granted. The two (2) year statute of limitations in Code of Civil Procedure § 339 poses an absolute bar to recovery on each contribution claim.

In addition, the Plaintiff's cause of action for declaratory relief cannot stand, as there is no written agreement or other contractual relationship between the Plaintiff and ASIC.

Accordingly, Plaintiff's complaint should be dismissed as to ASIC.

## II. FACTUAL BACKGROUND

### A. Acceptance's Defense and Indemnity of Bay Area in Connection with the Portola action

On April 10, 2001, the Portola action was filed against developer Davidon Homes, alleging construction defects at the "Portola Meadows" development, and on June 11, 2001, Davidon Homes filed a cross-complaint for indemnity against Bay Area. (First Amended Complaint, paragraphs 10 and 11.)

Acceptance agreed to defend Bay Area in connection with the Portola action, and in November 2001, retained Acceptance's counsel in the present case, Koletsky, Mancini, Feldman & Morrow ("Koletsky Mancini") to defend Bay Area. (First Amended Complaint, paragraph 14.) After defending Bay Area in connection with the Portola action, on August 16, 2004, Acceptance paid $510,000.00 to settle the Portola action on behalf of Bay Area. (ASIC's

Request for Judicial Notice filed herewith ("RJN"), Exh. "A.")

**B. Acceptance's First Contribution Action Arising Out of the Portola Action, In Which the Identity of Bay Area's Other Insurers Was Litigated**

On June 29, 2004, in Bay Area's name, the Koletsky Mancini firm first brought suit seeking recovery of the amounts Acceptance had incurred defending and indemnifying Bay Area in connection with the Portola action. (RJN, Exh. "B.")

However, the Koletsky Mancini firm named as defendant a non-existent entity, "American Safety Insurance Company." (RJN, Exh. "B," Page 1.) The Koletsky Mancini firm then served the complaint upon an existent, but unrelated, entity, "American Safety Casualty Insurance Company." (RJN, Exh. "C.")

In response, American Safety Casualty Insurance Company specially appeared and moved to quash the service of summons based upon the fact that American Safety Casualty Insurance Company had not been named in the complaint. (RJN, Exh. "D.") In opposition to the motion, the Koletsky Mancini firm argued that "American Safety Casualty Insurance Company," the correct entity that insured Bay Area, would not be prejudiced in any event because it already had notice of the lawsuit through its defense counsel, and that American Safety Casualty Insurance Company's counsel was "withholding" information in an effort to deceive the Koletsky Mancini firm. (RJN, Exh. "E," pages 3-4.)

On September 9, 2004, the state court granted American Safety Casualty Insurance Company's motion to quash service because the Koletsky Mancini firm had named an entirely different entity in its complaint. (RJN, Exh. "F.") Notably, at the hearing on the Motion to Quash, the Court specifically admonished Acceptance's then and current counsel, Mr. Perry Rhoads of the Koletsky Mancini firm, to identify the proper insurer: "Mr. Rhoads, . . .you're going to have to do your homework and sue the right defendant." (RJN, Exh.

3

NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

"G.")

Thereafter, the Koletsky Mancini firm filed an "Amendment to Complaint" correctly substituting one of Bay Area's insurers, ASRRG, into the case as a defendant (RJN, Exh. "H"), and located and served ASRRG. (RJN, Exh. "I.") However, the case was later dismissed. (RJN, Exh. "J.")

### C. Plaintiff Acceptance Obtains the ASIC and ASRRG Policies, and Commences This Second Contribution Action In State Court Against ASRRG Only

On May 22, 2006, following dismissal of the first contribution action, Acceptance's counsel (the Koletsky Mancini firm) obtained both the ASRRG and ASIC policies from Bay Area's insurance broker, and filed this case in state court again seeking contribution arising out of the Portola action. Both the ASRRG and ASIC policies are, importantly, attached to the complaint as Exhibits "A" and "B," respectively. (RJN, Exh. "K" - Exhibits "A" and "B" thereto.) However, despite the admonition of the court in the previously dismissed action, despite having obtained the ASIC policy, and despite the fact that the identifying information for ASIC appears on the top of the first page of the ASIC policy, the complaint named only ASRRG. (RJN, Exh. "K," page 1.)

Despite having attached ASIC's policy to the complaint filed nearly two years earlier, on February 7, 2008, Acceptance filed a First Amended Complaint naming ASIC as a defendant for the first time. (RJN, Exh. "L.")

## III. ARGUMENT

### A. The First Amended Complaint Is Time-barred by the Failure to Commence Litigation Against ASIC Within the Two-Year Statute of Limitations in California Code of Civil Procedure § 339

Plaintiff's contribution claims against ASIC are time-barred because plaintiff did not sue ASIC within two (2) years of August 16, 2004, when, at the latest, Plaintiff's alleged contribution claims accrued.

A cause of action for equitable contribution must be filed within two (2)

4

years pursuant to the statute of limitations contained in Code of Civil Procedure § 339.  See also Century Indemnity v. Superior Court, 50 Cal.App.4th 1115 (1996) (2-year statute applies to equitable contribution claims).

An equitable contribution claim for indemnity accrues, and the two (2) year statute begins running, when the settlement in connection with which the plaintiff seeks contribution, is paid.  Preferred Risk Mutual Ins. Co. v. Reiswig, 21 Cal.4th 208, 213 (1999).  Likewise, the statute on a claim against an insurer for breach of an alleged duty to defend begins running when the duty to defend is terminated by the conclusion of the underlying litigation: "Although the statutory period commences upon the refusal to defend, it is equitably tolled until the underlying action is terminated[.]" Lambert v. Commonwealth Land Title Ins., 53 Cal.3d 1072, 1077 (1991), citing Israelsky v. Title Insurance Co. of Minnesota, 212 Cal.App.3d 614, 616 (1989).

In this case, documents filed by plaintiff in prior actions demonstrate that Acceptance paid $510,000.00 to settle the Portola action on behalf of Bay Area on August 16, 2004.  (RJN, Exh. "A.")  Therefore, both the underlying action, and any duty to defend Bay Area in connection with that case, were terminated with Acceptance's indemnity payment on August 16, 2004, and at the latest, the two (2) year statute commenced running at that time.[1]  Accordingly, to comply with the two (2) year limitations period of Code of Civil Procedure § 339, Acceptance would have had to sue ASIC for contribution on or before August 16, 2006 at the latest.

However, Acceptance did not file its First Amended Complaint naming ASIC as a defendant until February 7, 2008, which is three (3) and a half years after August 16, 2004.  (See First Amended Complaint, filed February 7, 2008.)  Accordingly, the causes of action against ASIC for contribution are time-barred

---

[1] The court in the Portola action issued its Order approving the settlement as to Bay Area on August 26, 2004.  (RJN, Exh. "M.")

by the two (2) year limitations period set forth in Code of Civil Procedure § 339.

### B. The Limitations Period Is Not Revived, and the Amended Complaint Does Not "Relate Back," Because Plaintiff Was Not "Genuinely Ignorant" of ASIC's Identity

ASIC anticipates that in an attempt to rescue its untimely causes of action against ASIC, Acceptance's counsel will claim that it was "ignorant" of ASIC's identity when it initiated this action in state court on May 22, 2006. Acceptance is thus likely to posit that the causes of action against ASIC "relate back" to May 22, 2006, pursuant to California Code of Civil Procedure § 474.

In order to take advantage of California Code of Civil Procedure § 474, and "relate back" an otherwise time-barred claim to the date a lawsuit is filed, a plaintiff must be "genuinely ignorant" of a defendant's identity when the complaint was filed. Kerr-McGee Chemical Corp. v. Superior Court, 160 Cal.App.3d 594, 597 (1984). It is not enough simply for a plaintiff to argue, in retrospect, that they did not know a defendant's identity, as the plaintiff's ignorance "must be real and not feigned" in order to revive a time-barred claim. Snoke v. Bolen, 235 Cal.App.3d 1427, 1432 (1991).

Neither Acceptance (itself an insurance company) nor its counsel were "genuinely ignorant" of ASIC's identity when this action was filed on May 22, 2006, because: (a) Acceptance had previously litigated the identity of Bay Area's insurers before commencing this action, and (b) Acceptance had researched and possessed the ASIC policy before filing the complaint in this case.

In the prior contribution action, Acceptance's current counsel specifically litigated the correct identity of Bay Area's insurers, as they named a non-existent defendant, served another incorrect entity, had service quashed, and were admonished by the Court to "do your homework and sue the right defendant." (RJN, Exhs. "B," "C," "F," and "G.") Ultimately, Acceptance's counsel correctly identified one of Bay Area's insurers (ASRRG) as a defendant. (RJN,

Exh. "H.")

Following the court's admonition, *and prior to filing the complaint in this matter*, Acceptance's current counsel contacted the insurance broker, obtained both the ASRRG and ASIC policies, and correctly attached them to the Complaint in this case as Exhibits "A" and "B," respectively. (RJN, Exh. "K.")

The ASIC policy which Acceptance's counsel attached to the Complaint identifies ASIC at the top corner of the first page as "AMERICAN SAFETY INDEMNITY COMPANY," and the last twenty-eight (28) pages of the policy are each clearly labeled "American Safety Indemnity Company." (See ASIC policy, attached as Exhibit "B" to the Complaint - RJN, Exh. "K.")

Having previously litigated the issue, researched and identified the ASIC policy, and attached it to the complaint filed on May 22, 2006, Acceptance was not "genuinely ignorant" of ASIC's relevance and identity. Rather, it appears that Acceptance's counsel simply failed or forgot to name ASIC as a defendant.

C. **In Addition, the Amended Complaint Does Not "Relate Back" Because American Safety Indemnity Company Will Be Prejudiced By its Last-Minute Inclusion in this Long-Standing Action**

Use of the "relation back" procedure is likewise precluded if: (a) plaintiff was dilatory in naming the defendant; and (b) defendant is prejudiced by the delay. Winding Creek v. McGlashan, 44 Cal.App.4th 933, 942-43 (1996).

For the reasons discussed above, there is no question that Plaintiff was dilatory in naming ASIC as a defendant for the first time on February 7, 2008. As a further example of its dilatory conduct, the complaint was amended to name ASIC only after twenty-one (21) months of Acceptance and ASRRG incurring costs and actively litigating the contribution claims, and only after the deadlines for discovery, expert designations, and filing of summary judgment motions had all expired.

For these same reasons, ASIC will be severely prejudiced by its belated

7

NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

inclusion in this litigation, as it has been deprived of the ability to develop and present any defenses.

ASIC anticipates that Acceptance will claim that, despite missing twenty-one (21) months of active litigation which preceded the First Amended Complaint, ASIC is not prejudiced by its belated inclusion in this matter because ASIC had notice of the lawsuit, and has been "participating," through ASRRG's defense counsel. However, this argument ignores the fact that ASIC and ASRRG are completely separate entities. These are also the same unsuccessful arguments previously asserted by the Koletsky Mancini firm in Acceptance's prior contribution suit, wherein the Koletsky Mancini also failed to name the correct defendant. (See RJN, Exh. "E," pages 3-4.) These arguments were previously rejected by the state court in the prior contribution suit, and should likewise be rejected, if asserted, in this case. (See RJN, Exh. "F.")

### D. There Is No Written Contract Between the Parties, as Required to Support a Cause of Action for Declaratory Relief

Plaintiff's third cause of action for Declaratory Relief is necessarily premised upon the existence of a written instrument between Plaintiff and ASIC. Declaratory relief requires the existence of an actual controversy relating to rights and duties "of the respective parties under a written instrument." Wellenkamp v. Bank of America, 21 Cal.3d 943, 947 (1978). See also California Code of Civil Procedure § 1060 (The right to declaratory relief is available to: "Any person interested . . . under a contract.").

However, contribution suits between insurers are based in equity, not contract. See Fireman's Fund Ins. Co. v. Maryland Casualty Co., 65 Cal.App.4th 1279, 1295 (1998) (The "right of equitable contribution…is not a matter of contract, but flows from equitable principles. . .").

Quite simply, because there is no written contract or other contractual relationship between Plaintiff and ASIC, and the only rights asserted between

8

insurance carriers are necessarily premised in equity, the cause of action for declaratory relief cannot stand.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's contribution claims against ASIC arose, at the latest, on or before August 14, 2004, and are time-barred. Based upon the allegations in the recently-filed First Amended Complaint, and Plaintiff's judicial admissions in prior actions, the contribution causes of action cannot be salvaged by amendment. Further, there is no contractual basis upon which to premise a cause of action for declaratory relief.

Accordingly, ASIC respectfully requests that this motion be granted, and the First Amended Complaint dismissed as to ASIC, without leave to amend.

Respectfully submitted,

DATED: March 17, 2008          Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendant
American Safety Indemnity Company

1 **PROOF OF SERVICE**

2 *Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

3 United States District Court Case No.

4 STATE OF CALIFORNIA

5 COUNTY OF LOS ANGELES

6

7 I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On March 17, 2008, I served the foregoing documents described as **DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES [FED. R. CIV. P. 12(b)(6)]** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ] VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X] FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

1

PROOF OF SERVICE

1     Executed on March 17, 2008 at Los Angeles, California.

2     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Lea Powell* (signature)

Lea Powell

# SERVICE LIST

***Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.***

United States District Court Case No.

Raymond C. Dion
Perry E. Rhoads
Koletsky, Mancini, Feldman & Morrow
3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
Telephone: (213)427-2350
Facsimile: (213)427-2366

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

Michael Larin
Dana Alden Fox
Matthew Harrison
Lynberg & Watkins
888 South Figueroa Street, 16th Floor
Los Angeles, CA 90017-2763
Telephone: (213)624-8700
Facsimile: (213)892-2763

Attorneys for Defendant,
AMERICAN SAFETY RISK RETENTION GROUP, INC.

3

PROOF OF SERVICE