RAYMOND C. DION (State Bar No. 139206)
BRETT G. HAMPTON (State Bar No. 140535)
**KOLETSKY, MANCINI, FELDMAN & MORROW**
3460 Wilshire Boulevard, Eighth Floor
Los Angeles, CA 90010-2228
Telephone: (213) 427-2350
Facsimile: (213) 427-2366

Attorneys for Plaintiff
ACCEPTANCE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and DOES 1 through 100, inclusively,<br><br>Defendants. | CASE NO. CV08-01577 GPS (AGRx)<br><br>**OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON**<br><br>Hearing Date: April 14, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 7<br>Judge: Hon. George P. Schiavelli |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW Plaintiff Acceptance Insurance Company and submits its Opposition to Defendant American Safety Indemnity Company's Motion to Transfer for Convenience pursuant to 28 U.S.C. §1404[a].

First and foremost, Plaintiff contends that this Court should not even be addressing the issue of change of venue because this case was improperly removed to Federal Court and this Court lacks jurisdiction to decide which District is more appropriate for the litigation of this case. The improper removal by Defendant of this case is the subject of Plaintiff's Motion to Remand scheduled for hearing on April 28, 2008.

Plaintiff additionally opposes the Motion on the grounds that Defendant is asking for a change of venue based on allegations of the convenience of witnesses when the issues in this case are purely

---

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

1

legal issues of contract law. Plaintiff was ready in the state court to resolve this case by way of motion for summary judgment when Defendant American Safety Indemnity Company improperly removed this case to federal court. (A motion to remand is being filed and served concurrently with this Opposition.)

The fact that Defendant's "witness" is located in San Diego is irrelevant to these proceedings. This case arises from the actions by Defendants in refusing to participate in the defense or settlement of claims against their insureds in Northern California. If this case should be transferred anywhere for the "convenience of witnesses," it should be to the Northern District where "a substantial part of the events or omissions" on which the claims are based occurred. 28 U.S.C. §1391[a][2].

Dated: March 31, 2008

KOLETSKY, MANCINI, FELDMAN & MORROW

By: _____
Raymond C. Dion, Esq.
Brett G. Hampton, Esq.
Attorneys for Plaintiff ACCEPTANCE INSURANCE COMPANY

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant American Safety Indemnity Company has asked this Court to exercise its discretion under 28 U.S.C. §1404[b] to transfer this case from the Central District of California to the Southern District of California because Defendant says its sole witness and all of its documents are in San Diego, in the Southern District.

This case should not even be in the Federal Court. It was improperly removed by Defendant American Safety Indemnity Company when there is no diversity of citizenship upon which federal jurisdiction may be based. This Court lacks jurisdiction to transfer this case to the Southern District due to that lack of subject matter jurisdiction. Plaintiff has filed a Motion to Remand this case which is set for hearing on April 28, 2008 to address that issue. A decision to transfer this case to the Southern District of California would be premature at best given that the facts and the law clearly mandate remand.

Plaintiff Acceptance Insurance Company contends that the convenience of a single witness is insufficient grounds for transfer in a case that will be decided purely on issues of law (namely, issues of contract and insurance law pertaining to decisions by American Safety Indemnity Company and American Safety Risk Retention Group to refuse to participate in the defense or settlement of claims made against its insureds in northern California). This case never should have been removed to the federal court in the first place, an issue that Plaintiff raises in a separate motion. Further, Defendant has failed to set forth that maintaining the action in the Central District will be inconvenient to witness Fisher. Accordingly, the motion should be denied.

## II. STATEMENT OF FACTS

This is a contribution case filed by Plaintiff Acceptance Insurance Company, against American Safety Risk Retention Group, Inc. and American Safety Indemnity Company, and Does 1 through 100, for failure to defend and indemnify the mutual primary insured, Bay Area Construction Framers, Inc. in an underlying California construction defect case that settled. The First Amended Complaint, which was filed in the Los Angeles County Superior Court, names American Safety Risk Retention Group, Inc., American Safety Indemnity Company, and Does 1 through 100. It refers to and attaches the two

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

3

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

insurance policies for which plaintiff is seeking contribution. The court is requested to take judicial notice of Plaintiff's First Amended Complaint by separate Request for Judicial Notice.

### III. THE COURT HAS DISCRETION TO DENY DEFENDANT'S MOTION.

Title 28 USC §1404[a] provides in pertinent part that:

"For the convenience of the parties and witnesses, in the interest of justice, a district court <u>may</u> transfer any civil action to any other district or division where it might have been brought."

[Emphasis added]

The burden is on the Defendant seeking transfer for convenience purposes to demonstrate that the alternative forum is warranted. <u>Gardipee v. Petroleum Helicopters, Inc.</u> 49 F.Supp.2d 925, 928 (E.D.TX 1999). Plaintiff contends that the moving Defendant has failed to meet its burden.

Defendant misleads the Court by referring to the convenience of "witnesses" when the Defendant is interested in only one witness: Jean Fisher, the Corporate Claims Counsel and CD Claims Manager for both Defendant American Safety Indemnity Company and Defendant American Safety Risk Retention Group. She is the only witness whose declaration is submitted and the only witness identified as someone for whose convenience this case should be transferred.

Ms. Fisher's declaration in support of the transfer fails to set forth, however, that it would be inconvenient for her if this case were to be litigated in the Central District. All she states is that she lives in San Diego. She sets forth no description of any hardship that would befall her if the litigation of this action were to require her attendance at any hearing or trial. (*See* "Declaration of Jean Fisher in Support Defendant American Safety Indemnity Company's Motion to Transfer for Convenience".) Also, a transfer will not be ordered simply to make it more convenient for defendant. "The venue transfer provisions of Section 1404[a] are not meant to merely shift the inconvenience to the plaintiff." <u>Reed Elsevier, Inc. v. Innovator Corp.</u> 105 F.Supp.2d 816, 821 (SD OH 2000).

In making a determination about change of venue based upon the convenience of witnesses, the Courts want to consider who the witnesses are, where they are located, what their testimony will be and why such testimony is relevant and necessary. <u>A.J. Industries, Inc. v. United States Dist. Ct.</u> 503 F.2d 384, 389 (9th Cir. 1974); <u>Palace Exploration Co. v. Petroleum Develop. Co.</u> 316 F.3d 1110, 1121 (10th Cir. 2003). American Safety Indemnity Company has offered nothing about Ms. Fisher's

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

4

testimony or why such testimony is relevant and necessary. Defendant has simply stated that its witness lives and works in San Diego, nothing more. Nothing else of relevance is contained in the Fisher declaration.

Alternatively, this Court has discretion to defer the hearing and determination of the Defendant's venue motion until the time of trial pursuant to *Federal Rules of Civil Procedure* Rule 12[d]. The Plaintiff contends first and foremost that this case never should have been removed to the federal court in the first place. However, Plaintiff also contends that this case is one of purely legal issues which may be resolved by way of motion for summary judgment, which thus completely negates moving Defendant's arguments about convenience of witnesses and interests of justice.

## IV. THE CENTRAL DISTRICT IS AUTOMATICALLY THE PROPER DISTRICT FOR THIS CASE.

In actions removed from state court, venue is automatically proper in the federal district court located where the state action was pending. It is immaterial that venue would not have been proper if the action had been brought initially in that district. The removal statute authorizes defendant to remove " to the district court...embracing the place where such action is pending." 28 U.S.C. 1441[a]; see Polizzi v. Cowles Magazines, Inc. (1953) 345 U.S. 663, 665-666, 73 S.Ct. 900, 902-903; Kerobo v. Southwestern Clean Fuels Corp. 285 F.3d 531, 534 (6th Cir. 2002).

## V. CONVENIENCE OF WITNESSES IS IMMATERIAL BECAUSE THIS CASE INVOLVES ISSUES OF LAW.

Plaintiff was prepared to proceed with a motion for summary judgment in the state court action when Defendant American Safety Indemnity Company filed its improper Notice of Removal of this action to the federal court. The deposition of Defendant's only witness, the woman whose "convenience" forms the basis for Defendant's motion (Jean Fisher), has already been taken. The pertinent records have been produced. Transfer of this case accomplishes only two things: delay, and the creation of further expense for all of the parties herein. These are hardly goals consistent with the "interests of justice" as set forth in 28 U.S.C. 1441[a].

Transfer means delay as this file is reassigned to a new judge in a new District and placed on an entirely new calendar track, when the parties to this action have already been litigating for a year and

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

5

Plaintiff was prepared to file a motion for summary judgment in this case when the "new" Defendant American Safety Indemnity Company filed its Notice of Removal.

The moving Defendant claims that the costs to the moving Defendant would be reduced if the case was transferred to the Southern District because Ms. Fisher and her records are located there. However, Defendant's counsel, the Law Offices of David S. Blau, is located in Los Angeles, in the Central District. It appears disingenuous that it would somehow be <u>less</u> expensive to the moving Defendant to move the case to a courtroom <u>further away</u> from its attorney's offices than the Central District. Such a move would only be <u>more</u> expensive to the Defendant, who would then be paying its counsel to travel from Los Angeles to San Diego for court appearances instead of paying its counsel for local appearances in the Central District courthouse. (Such a move would also increase costs to the other Defendant in this case, American Safety Risk Retention Group, which is represented by attorneys from the Los Angeles office of Lynberg & Watkins.) Plaintiff is not arguing herein that transfer should be denied because it would be inconvenient to counsel, as that is not a legitimate basis for denial. <u>Soloman v. Continental American.</u> 472 F.2d 1043, 1047 (3rd Cir. 1973); <u>In re Horseshoe Entertainment</u>, 337 F.3d 429, 434 (5th Cir. 2003). However, in response to the moving Defendant's claims that it would be more cost-effective to move the case to a courtroom 120 miles south of its present location, Plaintiff feels compelled to point out that the facts belie this argument.

## VI. THERE IS NO SHOWING OF INCONVENIENCE.

Defendant American Safety Indemnity Company relies on the Declaration of Jean Fisher to establish that it would be more convenient to her if the case was transferred to the Southern District because she lives and her office is in San Diego. However, nowhere in her Declaration does Ms. Fisher claim that it would be more convenient for her if this case was transferred. She states that her company does not maintain an office in Los Angeles (in the Central District), but she also does not state that it would be an inconvenience for her to come to Los Angeles if necessary for trial in this matter.

///
///
///

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

6

## VII. CONCLUSION

For the foregoing reasons and arguments, Plaintiff respectfully submits that Defendant American Safety Indemnity Company's motion be denied.

Dated: March 31, 2008

KOLETSKY, MANCINI, FELDMAN & MORROW

By: _____
Raymond C. Dion, Esq.
Brett G. Hampton, Esq.
Attorneys for Plaintiff ACCEPTANCE INSURANCE COMPANY

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

7

# DECLARATION OF BRETT G. HAMPTON

I, Brett G. Hampton, declare as follows:

1.  I am an attorney at law, duly licensed to practice in the State of California and before the United States District Court, Central District of California, and I am an associate attorney with KOLETSKY, MANCINI, FELDMAN & MORROW, attorneys of record herein for Plaintiff Acceptance Insurance Company in the instant action. I have personal knowledge of the facts set forth herein and could and would competently testify as to the truth of same if required to do so.

2.  This is a contribution case filed by Acceptance Insurance, against American Safety Risk Retention Group, Inc. and Does 1 through 100, for failure to defend and indemnify the mutual primary insured, Bay Area Construction Framers, Inc. in an underlying construction defect case that settled. That underlying construction defect case was in litigation in northern California.

3.  The First Amended Complaint names American Safety Risk Retention Group, Inc., American Safety Indemnity Company, and Does 1 through 100. It refers to and attaches the two insurance policies (one from American Safety Risk Retention Group, Inc., the other from American Safety Indemnity Company) for which plaintiff is seeking contribution.

4.  Plaintiff was prepared to proceed with a motion for summary judgment to resolve this case in the state court action when American Safety Indemnity Company filed its Notice of Removal. Plaintiff contends that this case was improperly removed and has prepared and is filing a motion for remand to return this case to the Los Angeles County Superior Court where it belongs. Plaintiff additionally contends that the issues presented by this case are purely issues of law, not issues of fact, regarding the existence of a duty by the Defendants to participate in the defense and indemnity of their insured with respect to the matter at issue in this lawsuit.

5.  Defendant's sole witness, Jean Fisher, gave sworn deposition testimony in this case already on December 5, 2007.

6.  Transfer of this case from the Central District to the Southern District will only serve to increase the financial burden of litigation on all parties, Plaintiff and Defendants alike. All of the attorneys in this case are based in Los Angeles. A transfer will only drive up litigation costs for Defendants as well as for the Plaintiff to the extent that litigation would involve travel from Los

OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON

8

Angeles to San Diego for hearings and other litigation matters. A transfer hardly seems to be in the interests of justice or a means of reducing costs for anyone, let alone the moving Defendant herein.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 31, 2008              _____
                                          Brett G. Hampton, Declarant

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

**OPPOSITION BY PLAINTIFF ACCEPTANCE INSURANCE COMPANY TO DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRETT G. HAMPTON**

9