Raymond C. Dion (State Bar No. 139206)
Perry E. Rhoads (State Bar No. 209812)
**KOLETSKY, MANCINI, FELDMAN & MORROW**
3460 Wilshire Boulevard, Eighth Floor
Los Angeles, CA 90010-2228
Telephone: (213) 427-2350
Facsimile: (213) 427-2366

Attorneys for Plaintiff
ACCEPTANCE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendants. | CASE NO. CV 08-01577 GPS (AGRx)<br><br>**PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY INDEMNITY'S MOTION TO DISMISS [FED. R. EVID. 201]**<br><br>[Filed and Served Concurrently with Request for Judicial Notice]<br><br>Date:      April 14, 2008<br>Time:      1:30 p.m.<br>Location:  Courtroom 7<br>Judge:     Hon. George P. Schiavelli |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

    A.   **Jurisdictional Issues**

Prior to addressing the merits of this motion, Plaintiff requests that the Court take Judicial Notice of and first consider the jurisdictional issues raised in the recently filed Motion for Remand. This action had been pending in the State Court for almost two years. During that time, Ms. Fisher, on behalf of ASRRG and ASIC, considered the tenders under all policies and handled this matter for both Defendants. She was responsible for the litigation since its inception. Her offices and all of the employees for the claims department are located in San Diego, California. In fact, Ms. Fisher has filed a Motion to Change Venue on the grounds that San Diego is the place where all of the relevant contacts are for this action. While we disagree with that assessment as to the Plaintiff, it is certainly

---

PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY
INDEMNITY'S MOTION TO DISMISS

1

true and to the Defendants. Both Defendants are considered citizens of the State of California and as such this motion is improper and the removal was improper as this Court does not have subject matter jurisdiction as there is no diversity.

### B. Disguised Motion for Reconsideration

This is a contribution case by Acceptance Insurance Company ("Acceptance"), against American Safety Risk Retention Group, Inc. ("ASRRG") and American Safety Indemnity Company ("ASIC"), for failure to defend and indemnify the mutual primary California insured, Bay Area Construction Framers, Inc. in an underlying construction defect case. The underlying case was settled by Acceptance without participation from ASRRG or ASIC.

The original Complaint was filed in or about May 2006. In January 2008, after the deposition of Ms. Fisher was taken, Plaintiff filed a Motion to Amend the Complaint to add ASIC as a Defendant. The issues now raised in this Motion to Dismiss were raised and addressed by the State Court in that January 2008 hearing / proceedings. Ms. Fisher and counsel of record have withheld important information from this Court. ASIC makes no reference to the recently concluded proceedings, the fact that those proceedings addressed the same issues, or the fact that the State Court judge issued a decision that permitted amendment of the Complaint to add ASIC at that time. This Motion is simply a Motion for Reconsideration of the State Court ruling made in January 2008. The fact is that there is no new law or facts to support a Motion for Reconsideration and more importantly, there is no disclosure by ASIC's counsel of the prior ruling or the fact that the issue had been previously decided.

### C. State Court's Ruling Permitting Amendment

The parties are in agreement that: (1) the applicable statute of limitations is two years, under California *Code of Civil Procedure (CCP)*, § 339, and that (2) the two-year statutory period commences to run on or about the date that plaintiff's settlement payment was mailed to plaintiff counsel in the underlying *Portola* action, on August 16, 2004. The Complaint was filed on May 22, 2006, and therefore complies with the applicable statute of limitations.

This current dispute concerns the State Court's ruling on the "relation back" effect of California Code of Civil Procedure, § 474. ASIC asserts that it should not be granted; Plaintiff asserts herein that it has already been granted.

1   Plaintiff initially named ASRRG and Does 1 through 100. Attached to the Complaint and
2 incorporated into the allegations were statements that American Safety had issued two policies to the
3 insured, the date those policies were issued, and the specific claims under those policies. It wasn't
4 until Jean Fisher's deposition in December 2007 that Plaintiff discovered that there were two entities
5 involved in the issuance of the American Safety policies. The facts and evidence regarding the
6 mistaken identies were fully briefed and presented to the State Court. After consideration of the
7 evidence and the history of the facts in this action, including the deception of American Safety, the
8 Court permitted the amendment of the complaint to add ASIC.

9   On January 31, 2008, the superior court **granted** plaintiff's Motion for Leave to Amend the
10 Complaint, to name ASIC. In granting motion to amend, the court necessarily determined that
11 plaintiff's causes of action against ASIC "related back" to the filing of the Complaint, pursuant to
12 California *Code of Civil Procedure (CCP)* § 474. This issue is now **Res Judicata** and this Court
13 should deny the Motion accordingly. The judge also removed any potential prejudice by continuing
14 the trial and related discovery deadlines.

15   ASIC is attempting to repackage the same arguments that were rejected by the judge who
16 granted plaintiff's motion to amend. Moreover, the moving papers are devoid of any new arguments or
17 legal authority to support its position. Identical arguments and authority were raised (and rejected) in
18 ASRRG's opposition to plaintiffs motion to add Doe ASIC. <u>This issue is **Res Judicata** and cannot be
19 re-litigated in this motion to dismiss.</u> The judge's ruling on the prior motion was made after
20 consideration of the motion, opposition, reply and oral argument. The judge allowed the amendment,
21 per *CCP* § 474. That ruling should not be disturbed.

22   Finally, and in addition, plaintiff's cause of action for declaratory relief is appropriate and
23 maintainable. *CCP* § 1060 does not require that plaintiff and ASIC have a direct contractual
24 relationship.

25 II.   **FACTUAL BACKGROUND**

26   A.   **The Contribution Complaint**

27   The Complaint was originally filed on May 22, 2006. It named American Safety Risk
28 Retention Group, Inc. and Does 1 through 100. It refers to and attaches the two insurance policies for

**PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY
INDEMNITY'S MOTION TO DISMISS**

3

which plaintiff is seeking contribution. The court is requested to take judicial notice of Plaintiff's Complaint, attached as Exhibit "K" to ASIC's Request for Judicial Notice. The first policy was issued by American Safety Risk Retention Group, Inc. ("ASRRG"). The second policy was issued by American Safety Indemnity Company ("ASIC").

### B. Notice of Dispute Regarding Claim Issues

In or about November, 2007, plaintiff counsel was made aware that defense counsel appearing for ASRRG did not intend to appear or mediate on behalf of ASIC. Counsel for ASRRG refused to negotiate or participate on behalf of ASIC, asserting that ASIC was not named as a defendant.

Plaintiff then took the deposition of Jean Fisher, the claims administrator for both policies, on December 5, 2007. It was then revealed that defendant was taking this position because the Complaint failed to identify the correct American Safety entity that issued the second policy, and contained a clerical error in identifying the attached second policy number as "XGI-**00**-1826-002" instead of "XGI-**01**-1826-002". See page 3, line 1 of the Complaint, attached as Exhibit "K" to ASIC's Request for Judicial Notice.

Obviously, Ms. Fisher, who was responsible for handling all claims related to ASRRG and ASIC, had known for some time that there had been a clerical mistake and sought to use this mistake to gain a procedural advantage during the course of the litigation. Ms. Fisher remained during the course of this litigation regarding the mistake and attempted to mislead Plaintiff as to the nature of the proceedings. She never advised that she considered the second policy to not be at issue because ASIC was not yet named.

#### 1. January 2008 Motion to Amend

On January 7, 2008, Plaintiff moved to add as Doe 1, the second American Safety entity that issued the second policy (ASIC), to ensure its complete participation in this case. See Motion, attached to Acceptance's Request for Judicial Notice as Exhibit "1". *CCP* § 473(a)(1) was cited for the legal authority to add the name of the party.

#### 2. Opposition to Motion to Amend

On January 17, 2008, Defendant ASRRG filed its Opposition to the Motion. See Opposition, attached to Acceptance's Request for Judicial Notice as Exhibit "2". The Opposition argued that the

motion should be denied because plaintiff cannot rely on *CCP* § 474 to claim a "relation back" to the date of filing of the original complaint. ASRRG further argued that a last minute addition of a party would be prejudicial and confusing.

ASRRG cited *Snoke v. Bolen* (1991) 235 Cal.App.3d. 1430 for the proposition that plaintiff did not have the requisite "lack of knowledge of the true name of the defendant" when the complaint was filed, to be afforded the benefit of the "relation back" effect of *CCP* § 474. At the time of the arguments, ASRRG and ASIC argued that: (1) Acceptance was in possession of the policies when the complaint was filed, and (2) Acceptance initially filed a <u>bad faith</u> action in Bay Area's name that was dismissed.

### 3. Reply to Opposition to Motion to Amend

On January 24, 2008, plaintiff filed its Reply. See Reply, attached to Acceptance's Request for Judicial Notice as Exhibit "3". The Reply responded to the above Opposition arguments by:

    a.    Detailing facts showing that plaintiff was in fact "genuinely ignorant" of the defendant's identity when the original complaint was filed (i.e. unaware that the second policy was issued by a separate American Safety entity from the first policy), and thus had satisfied the "relation back" element of *CCP* § 474;

    b.    Citing an exception to the general rule permitting "correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names." *Prince v. Jensen* (1983) 139 Cal.App.3d 653, 655, 188 Cal.Rptr. 911, 912.

### 4. State Court Ruling on Motion to Amend

The Motion was heard on January 31, 2008. Hon. Malcolm H. Mackey **granted** the motion. See "Minute Order," attached to Acceptance's Request for Judicial Notice as Exhibit "4". Further, to avoid potential prejudice to defendants as a result of the ruling, Judge Mackey vacated the trial date and the then pending cross-motions for summary judgment, and continued all discovery deadlines.

Pursuant to the State Court ruling, Plaintiff filed its First Amended Complaint, naming new

defendant ASIC, on February 7, 2008. No new claims were added. The court is requested to take judicial notice of Plaintiff's First Amended Complaint, attached as Exhibit "L" to ASIC's Request for Judicial Notice. This ruling by the State Court was the basis, in fact, for the Defendants' subsequent Removal and Motion to Dismiss.

### III.   Legal Analysis

#### A.   "Relation Back" Effect of CCP § 494 Was Considered by the State Court and the Motion to Amend Was Granted

"It is a well established rule that when a complaint sets forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date the original complaint was filed." *Okoro v. City of Oakland* (2006) 48 Cal.Rptr.3d 260, 265.

The superior court has already granted plaintiff's motion to amend to name ASIC as a Doe defendant. ASRRG strenuously opposed this motion. Ms. Fisher was the claims handler at the time the arguments were made for both ASRRG and ASIC. ASRRG asserted the identical argument (and factual support for this argument) that plaintiff was not "genuinely ignorant" of ASIC's identity at the time it initiated this action, and therefore cannot rely of *CCP § 474* to claim a "relation back" to the date of the filing of the original complaint (the *Snoke* case). The court necessarily determined that plaintiff was genuinely ignorant of the identity of ASIC, and therefore **granted** relief.

Had plaintiff not made an adequate showing of compliance with *CCP § 474*, the court would not have granted plaintiffs motion to add ASIC. Therefore, a statute of limitations defense based on plaintiff's failure to comply with *CCP § 474* has been already litigated and decided. To grant ASIC's present motion, this Court would have to overrule the order made by Hon. Malcolm H. Mackey in the state court. There is absolutely no reason to do so.

#### B.   ASIC'S Defense Based on California Code of Civil Procedure § 339 Two Year Statute of Limitations is Barred by the Doctrine of Res Judicata

The prior court ruling allowing the naming of ASIC (and granting the "relation back" effect of *CCP § 474*) should not be disturbed. The court analyzed the same code section at issue herein. The

ruling is authoritative on the issues in this motion, and prevents ASIC from obtaining the requested relief on the basis of Res Judicata.

### 1. Prior Law and Motion Rulings Made in the State Court Remain In Effect When A Case is Removed to Federal Court

The federal court has the same power to reconsider and reverse earlier interlocutory rulings as would the state court. Thus, law and motion rulings made by the state court will remain in effect, but can be changed by the federal court after removal. *Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group)* 2006 § 2:1024 – citing *Preaseau v. Prudential Ins. Co. of America* (9th Cir. 1979) 591 F2d 74, 79. However, ASIC has asserted absolutely no new facts or law to justify reconsideration of the prior ruling. In fact, amazingly, ASIC failed to even advise this Court of the prior ruling of the State Court Judge.

### 2. State Court Judgment as Res Judicata

Whether a prior state court judgment precludes re-litigation of claims or defenses raised in a later federal diversity action is determined by reference to state law. *Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group)* 2006 §1:45.5 – citing *Matsushita Elec. Indus. Co., Ltd. v. Epstein* (1996) 516 us 367, 375, 116 S.Ct. 873, 878.

The prior court issued an order granting the amendment of the complaint to name ASIC, based on *CCP § 474*. ASIC is basing the present motion to dismiss on the same code section that has already been analyzed in the previous motion.

### 3. Relation-Back Rule in California

The California rule is that defendants may be served anytime within 3 years after commencement of the action (California Code of Civil Procedure § 583.210). Where "Does" are named in the original complaint, defendants may be served as "Does" anytime within that three-year period...even if they had no prior notice of the action, and even if the statute of limitations has run so as to bar any independent action. The amended pleading in which they are identified "relates back" to the date of the original complaint against the "Doe" defendants. *Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group)* 2006 § 2:1041 – citing *Austin v. Massachusetts Bonding & Ins. Co.* (1961) 56 Cal.2d 596, 601-602, 15 Cal.Rptr. 817, 819-820; and *Weil & Brown, Cal.Prac.*

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY INDEMNITY'S MOTION TO DISMISS

7

*Guide: Civ. Pro. Before Trial (TRG),* Ch. 6.

The Court granted plaintiff's motion to "Doe" in ASIC on January 31, 2008. ASIC was subsequently named in the First Amended Complaint, filed on February 7, 2008. The First Amended Complaint was filed within 3 years of the original complaint, and therefore it "relates back" to the date of the original complaint.

### C.  The Prior State Court Ruling Was Proper and Should be Upheld

In an abundance of caution, plaintiff will restate pertinent arguments that were asserted in the reply to opposition to plaintiff's motion for leave to amend complaint to name ASIC as Doe 1. Until the taking of Ms. Fisher's deposition in December 2007, Plaintiff was unaware that the second policy was issued by a separate American Safety entity from the first policy. Furthermore, Defendant's conduct furthered the deception which caused plaintiff to believe both policies were issued by the same insurance company entity and or that there was no reason to believe that the issues were not being considered in the context of the litigation. Moreover, any potential prejudice was removed when the Court vacated and continued the trial date and corresponding discovery deadlines.

#### 1.  Plaintiff Was Unaware That the Second Policy Was Issued by a Separate American Safety Entity from the First Policy.

Plaintiff was aware that two American Safety policies were issued to Bay Area (attached and referenced in the complaint). Plaintiff was unaware that the American Safety company that issued the second policy was a separate business entities that issued the policies.

It was not until the deposition of Jean Fisher was taken on December 5, 2007, that Plaintiff discovered that ASIC was a separate legal entity and that Defendant ASIC was asserting this as a defense. Exhibit A and B, attached to plaintiff's motion, show the striking similarities between the declaration pages of both policies. The forms are nearly identical, with the same contact address and telephone numbers, same broker, and almost all the policy Endorsements are the same. Moreover, the policy numbers are nearly identical, with the second policy period immediately proceeding the first. The second policy, as numbered, simply appear as a renewal of the initial policy terms and conditions. Further, the American Safety logo on the upper left corner is the only indication that the business entities may be separate, and even then, the apparent trade name and identification,

such as A-S star and American Safety name, are identical.

Amending the complaint to include Doe defendant ASIC satisfies the "relation back" doctrine of *CCP* §474. "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly... *See CCP* §474.

The amended complaint will be given "relation back" effect, so as to avoid the statute of limitations, provided:

(a) The original complaint stated a valid cause of action against now-identified "Doe" defendants; and

(b) Plaintiff was "genuinely ignorant" of the defendant's identity or the facts rendering defendant liable when the original complaint was filed; and

(c) The amended complaint, identifying the defendant, is based on the "same general set of facts" as the original and refers to the "same accident and same injuries"

*Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group)* 2006 § 6:735 – citing *Austin v. Massachusetts Bonding & Ins. Co.* (1961) 56 Cal.2d 596, 600-601, 15 Cal.Rptr.817, 819.

Defendant asserts that plaintiff did not have the requisite "lack of knowledge of the true name of the defendant" when the complaint was filed, to be afforded the benefit of the "relation back" effect (element "b" above). In support of this conclusion, Defendant points to the fact that plaintiff had the policies. This fact does not prove that plaintiff was not "genuinely ignorant" of the identity of ASIC.

Although the case law cited by defendant's opposition is correct, the facts of the present case are distinguishable from those in *Snoke v. Bolen*. In *Snoke,* the plaintiff/patient knew the name of her own treating dentist, and failed to name him in a dental malpractice action. Here, plaintiff was unaware of the correct name of the business entity issuing the second policy as the name was almost identical to the first policy. Defendant's deception in failing to disclose the distinction between the entities furthered plaintiff's ignorance of the separateness of the second American Safety entity.

The facts of the present case are more similar to the facts in *Prince v. Jensen Motors, Inc.* (1983) 139 Cal. App. 3d 653, 188 Cal.Rptr. 911. In that case, plaintiff purchased an automobile

---

PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY
INDEMNITY'S MOTION TO DISMISS

9

1  manufactured by "Jensen Motors, Ltd." from that corporation's California distributor, a corporation
2  known as "Jensen Motors, Inc." Both corporations are doing business in California. Plaintiff
3  suffered property damage allegedly because of defective manufacture of the car. He sued "Ltd."
4  alleging breach of warranty. Service was made on Inc. Ltd. secured a dismissal for lack of service
5  on it. Plaintiff then served Inc. as a Doe defendant. Inc. cross-complained against Ltd. for
6  indemnity. At trial, Inc. moved for judgment on the pleadings, setting forth for the first time, the
7  (quite accurate) contention that the complaint failed to allege any fact showing how it was involved
8  in the damage. The motion was granted.

9    On appeal, the court reversed, holding that where two corporations with almost identical
10  names, involved in continuous inter-company business, and where claim for breach of warranty
11  expressed or implied lies only against seller it was obvious that plaintiff intended to sue seller and
12  where seller by its conduct until it sprang its surprise motion had acted in a manner consistent only
13  with its recognition of plaintiff's true intent to sue seller, seller having filed cross-complaint, seller
14  showed no possible prejudice from being brought in as defendant, and complaint should not have
15  been dismissed on ground that it failed to allege any facts showing how seller was involved in the
16  damage.

17    The court of appeal cited an exception to the general rule that amendment generally will not
18  be allowed to bring in a new party after the statute of limitations has run as to that new party. The
19  exception to the general rule "permits correction where the plaintiff has committed an excusable
20  mistake attributable to dual entities with strikingly similar business names or to the use of fictitious
21  names." *Prince v. Jensen Motors, Inc.* (1983) 139 Cal.App.3d at 655, 188 Cal.Rptr. at 912.

22    An excusable mistake was made when plaintiff failed to recognize that the second policy was
23  issued by a separate American Safety entity unrelated to the first. The similarity of the names,
24  policies and employees of both American Safety entities are all evidence that the mistake was
25  excusable. Furthermore, Ms. Fisher acted in a manner to continue the deception and permit this
26  mistake to continue during the course of the litigation, despite representing both parties and being
27  aware of the mistaken identify during the course of the litigation.
28  / / /

### 2. Defendant's Conduct Has Furthered the Deception Which Caused Plaintiff to Believe Both Policies Were Issued by the Same Insurance Company Entity.

Defendant asserts that plaintiff lacks due diligence and "mixed up" the American Safety entities in the previous bad faith action by Bay Area. Bay Area brought a bad faith suit against American Safety Insurance Co. At that time, counsel was not in possession of either American Safety policy, and defendant refused to provide them, or even disclose the name of their client. Defense counsel specially appeared on behalf of "American Safety Casualty Insurance Company" to quash service, presumably because this was not one of the American Safety entities issuing either policy. At the hearing, plaintiff explained to the court that moving party refused to disclose the correct legal entity that issued the policy to Bay Area (see defendant's Exhibit 3, page 2).

Defendant's conduct in refusing to disclose the correct entities furthered its strategy of deception and contributed to plaintiff's confusion as to the correct identities of the American Safety entity. Plaintiff elected to dismiss that case because investigation revealed that the insured had not incurred sufficient out of pocket damages to sustain the bad faith action. Plaintiff subsequently obtained the policies from the insurance broker and filed the present contribution action.

### D. Declaratory Relief Does Not Require a Written Contract Between the Parties.

Declaratory relief is an appropriate cause of action when one insurance company is seeking contribution from another that insured the same insured. It is immaterial that the carriers are not in privity of contract with each other under *CCP § 1060*.

*CCP § 1060* creates a right to declaratory relief. It states in part as follows: "Any person interested under a written instrument...or under a contract, or who desires a declaration of his or her rights or duties with respect to another...may...bring an original action..." *CCP § 1060* does not require a written contract between the parties. It only requires that the parties be interested under a written contract.

In *Md. Cas. Co. v. Nat. American Ins. Co.*, the Court of Appeal recognized that the first of two successive liability insurers had standing to pursue a declaratory relief action against a second insurer to determine the second insurer's obligation to defend the insured in an underlying action, even though the first insurer was not a party to the insurance contract between the second insurer and the insured.

PLAINTIFF ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO AMERICAN SAFETY
INDEMNITY'S MOTION TO DISMISS

11

*Md. Cas. Co. v. Nat. American Ins. Co.* (1996) 48 Cal.App.4th 1822, 56 Cal.Rptr. 498.

## IV.   CONCLUSION

Based upon the above, ASIC's motion to dismiss should be denied.

Dated: March 31, 2008

KOLETSKY, MANCINI, FELDMAN & MORROW

By: _____
Raymond C. Dion, Esq.
Perry E. Rhoads, Esq.
Attorneys for Plaintiff ACCEPTANCE INSURANCE COMPANY

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | 1 |
| **I.   INTRODUCTION** | 1 |
|     A.  Jurisdictional Issues | 1 |
|     B.  Disguised Motion for Reconsideration | 2 |
|     C.  State Court's Ruling Permitting Amendment | 2 |
| **II.  FACTUAL BACKGROUND** | 3 |
|     A.  The Contribution Complaint | 3 |
|     B.  Notice of Dispute Regarding Claim Issues | 4 |
|         1.  January 2008 Motion to Amend | 4 |
|         2.  Opposition to Motion to Amend | 4 |
|         3.  Reply to Opposition to Motion to Amend | 5 |
|         4.  State Court Ruling on Motion to Amend | 5 |
| **III. LEGAL ANALYSIS** | 6 |
|     A.  "Relation Back" Effect of CCP § 494 Was Considered by the State Court and the Motion to Amend Was Granted | 6 |
|     B.  ASIC'S Defense Based on California Code of Civil Procedure § 339 Two Year Statue of Limitations is Barred by the Doctrine of Res Judicata | 6 |
|         1.  Prior Law and Motion Rulings Made in the State Court Remain In Effect When A Case is Removed to Federal Court | 7 |
|         2.  State Court Judgment as Res Judicata | 7 |
|         3.  Relation-Back Rule in California | 7 |
|     C.  The Prior State Court Ruling Was Proper and Should be Upheld | 8 |
|         1.  Plaintiff Was Unaware That the Second Policy | 8 |
|         2.  Defendant's Conduct Has Furthered the Deception Which Caused Plaintiff to Believe Both Policies Were Issued by the | |

Same Insurance Company Entity . . . . . . . . . . . . . . . . . . . . . . 11

D. **<u>Declaratory Relief Does Not Require a Written Contract Between the parties</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV. **<u>CONCLUSION</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Cases**     **Page**

A.J. Industries, Inc. v. United States Dist. Ct. 503 F.2d 384, 389 (9th Cir. 1974)....................4

Gardipee v. Petroleum Helicopters, Inc. 49 F.Supp.2d 925, 928 (E.D.TX 1999)....................4

In re Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003)............................................6

Kerobo v. Southwestern Clean Fuels Corp. 285 F.3d 531, 534 (6th Cir. 2002).......................5

Palace Exploration Co. v. Petroleum Develop. Co. 316 F.3d 1110, 1121 (10th Cir. 2003)......4

Polizzi v. Cowles Magazines, Inc. (1953) 345 U.S. 663, 665-666, 73 S.Ct. 900, 902-903 .....5

Reed Elsevier, Inc. v. Innovator Corp. 105 F.Supp.2d 816, 821 (SD OH 2000).....................4

Soloman v. Continental American. 472 F.2d 1043, 1047 (3rd Cir. 1973)................................6

KOLETSKY, MANCINI, FELDMAN & MORROW
Lawyers
3460 Wilshire Blvd., Eighth Floor
Los Angeles, CA 90010
(213) 427-2350

ACCEPTANCE INSURANCE COMPANY'S TABLE OF AUTHORTIES