David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendant
AMERICAN SAFETY INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>　　　　Defendants. | Case No. CV08-01577 GPS (AGRx)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　April 14, 2008<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 7<br>Judge:　　Hon. George P. Schiavelli<br><br>ORAL ARGUMENT REQUESTED |

Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") respectfully submits the following Memorandum of Points and Authorities in Reply to Plaintiff ACCEPTANCE INSURANCE COMPANY's ("Plaintiff" or "Acceptance") Opposition to ASIC's Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

**REPLY IN SUPPORT OF MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT IN REPLY

In its opposition, the Plaintiff does not dispute that its causes of action were not brought against ASIC within the two (2) year statute of limitations provided in California Code of Civil Procedure § 339. Plaintiff does not dispute that the causes of action for contribution against ASIC arose, at the latest, on or before August 16, 2004, or that ASIC was not named as a defendant until February 7, 2008, nearly three (3) and a half years later.

Rather, Plaintiff relies almost entirely upon the purported effect of the prior state court ruling on the distinct procedural issue of whether Plaintiff could amend the complaint. Faced with the liberal standards governing amendment of pleadings, the state court ruled that Plaintiff could amend the complaint in this action. Importantly, the state court did not have to decide whether the claims against ASIC were time-barred, as Plaintiff argues. Rather, the state court simply ruled that Plaintiff could amend the complaint to name ASIC. Having been served with the amended complaint, ASIC is now given the opportunity to respond to Plaintiff's new claims. Further, because ASIC was not a party to the state court proceeding, and there was no final judgment, the state court order is not *res judicata* or collateral estoppel, and this court is not bound by it as a matter of law or procedure.

As a matter of substance, Plaintiff cannot employ the "relation-back" doctrine to revive its time-barred claims because Plaintiff cannot establish "genuine ignorance" of ASIC's identity at the time it initiated this action. Acceptance does not deny that before filing this case, it had specifically litigated, investigated (pursuant to a court order), and discovered ASIC's identity. Acceptance also possessed the ASIC policy clearly identifying ASIC, which Acceptance attached to its initial complaint as Exhibit "B." Acceptance simply failed to sue ASIC in a timely manner, and now inappropriately blames

1

the defendants' third party administrator for the Plaintiff's counsel's oversight. Acceptance's myriad of excuses as to why Plaintiff "could not" name ASIC as a defendant before February 2008, are neither valid nor relevant.

The two (2) year statute of limitations in Code of Civil Procedure § 339 bars recovery on Plaintiff's contribution claims, and the First Amended Complaint fails to state causes of action against ASIC upon which relief can be granted. In addition, as a written instrument between the Plaintiff and ASIC is required to state a claim for declaratory relief under California Code of Civil Procedure § 1060, and there is none, the declaratory relief cause of action against ASIC cannot stand and should be dismissed.

## II. ARGUMENT IN REPLY

### A. It is Undisputed That Plaintiff Failed to Commence Litigation Against ASIC Within the Applicable Two-Year Statute of Limitations

Plaintiff's opposition concedes the factual basis of ASIC's present motion to dismiss - Acceptance's contribution claims against ASIC accrued on or before August 16, 2004, at the latest, and Acceptance did not make ASIC a defendant until February 7, 2008, which is three (3) and a half years after August 16, 2004. (See First Amended Complaint, filed February 7, 2008.) Accordingly, the causes of action against ASIC for contribution were filed beyond the two (2) year limitations period set forth in Code of Civil Procedure § 339.

### B. The Prior State Court Ruling Is Irrelevant Because It Was Premised Upon a Different Statute Than the One at Bar, Did Not Address the "Relation-Back" Issue, and Does Not Bind Either ASIC or This Court

Plaintiff asks this Court to apply the doctrine of *res judicata* based on a prior state court ruling rendered in this matter before ASIC was involved. For the reasons set forth below, Plaintiff has overstated the scope of that state court

2

REPLY IN SUPPORT OF MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

ruling, which is irrelevant to the issue presented by the current motion, and cannot be binding on ASIC in any event.

First, ASIC was not a party to the proceeding in state court, and therefore cannot by bound by its result. Defendants American Safety Risk Retention Group, Inc. ("ASRRG") and ASIC are separate corporations, with ASRRG being a risk retention group created in Vermont, whereas ASIC is domiciled as a corporation in Oklahoma.

Second, despite Plaintiff's attempt to re-characterize the scope of the state court's ruling on Plaintiff's motion for leave to amend, the motion was explicitly brought pursuant to Code of Civil Procedure § 473(a)(1), and not Code of Civil Procedure § 474, which is the authority for the "relation-back" doctrine. (See "Motion for Leave to Amend Complaint," attached as Exhibit "1" to Plaintiff's Request for Judicial Notice.) Specifically, the scope of relief sought by Plaintiff's motion was a narrow procedural request to correct an error and amend the complaint by "adding . . . the name of any party, or . . . correcting a mistake in the name of a party" pursuant to the precise language of Code of Civil Procedure § 473(a)(1). (Id., at page 5, lines 1-5.)

Likewise, the Court's Order submitted by Plaintiff's counsel does not address Code of Civil Procedure § 474, as Plaintiff asserts, but simply states: "Motion for Leave to Amend the Complaint is granted." (See Exhibit "4" to Plaintiff's Request for Judicial Notice.) As Plaintiff knows, amending a complaint under Code of Civil Procedure § 473 is a very simple matter, and leave is rarely denied: ". . . it is a rare case in which a court will be justified in refusing a party leave to amend his pleadings. . ." California Cas. Gen. Ins. Co. v. Superior Court (Gorgei), 173 Cal.App.3d 274, 278 (1985). Therefore, Plaintiff cannot attribute to the state court ruling a broad effect which was neither sought in Plaintiff's request for relief, nor stated in the order.

Plaintiff did not seek relief under Code of Civil Procedure § 474. The state

3

court did not purport to rule upon the "relation-back" effect of Code of Civil Procedure § 474. Therefore, the state court's order is irrelevant to the issue presented by ASIC in its instant Motion to Dismiss.

Third, the state court order does not constitute *res judicata* or collateral estoppel because, *inter alia*, there was no final judgment on the merits. Vandenberg v. Superior Court (Centennial Ins. Co.), 21 Cal.4th 815, 824 (1999) (*res judicata* precludes relitigating a cause of action "finally resolved in a prior proceeding"); Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 874 (1979) (collateral estoppel precludes parties from relitigating an issue from a prior action if "there was a final judgment on the merits").

Fourth, even if the state court had actually ruled upon the "relation-back" effect of Code of Civil Procedure § 474, this court is not bound by the state court ruling because, among other reasons, the issue is now squarely governed by Fed. R. Civ. P. 12(b)(6). See, e.g., Redfield v. Continental Casualty Co., 818 F.2d 596, 605 (7th Cir. 1987) (District court is not bound by a state court ruling if the issue previously determined is governed by a Federal Rule of Civil Procedure). See also Quinn v. Aetna Life & Casualty Co., 616 F.2d 38, 40 (2d Cir. 1980) (District court is not bound by a state court ruling if the district court is presented with grounds indicating the ruling was incorrect).

For the reasons set forth above, the state court's ruling is irrelevant, and does not support Plaintiff's attempt to revive its time-barred claims.

**C.  Plaintiff Was Not "Genuinely Ignorant" of ASIC's Identity When the Complaint Was Filed, and Cannot Revive Its Untimely Claims**

In order to "relate back" Acceptance's untimely causes of action to the date it filed this lawsuit, pursuant to California Code of Civil Procedure § 474, Acceptance's counsel also claims that it was "ignorant" of ASIC's identity when it filed this action on May 22, 2006.

Despite Plaintiff's misrepresentations of the law, an otherwise time-barred

4

REPLY IN SUPPORT OF MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

claim does not automatically "relate back" to the date a lawsuit is filed, but rather Code of Civil Procedure § 474 requires the plaintiff to establish it was "genuinely ignorant" of a defendant's identity when the complaint was filed. Austin v. Massachusetts Bonding & Ins. Co., 56 Cal.2d 596, 600; Kerr-McGee Chemical Corp. v. Superior Court, 160 Cal.App.3d 594, 597 (1984). The plaintiff's ignorance "must be real and not feigned" in order to revive a time-barred claim. Snoke v. Bolen, 235 Cal.App.3d 1427, 1432 (1991).

Neither Acceptance nor its counsel was "genuinely ignorant" of ASIC's identity when this action was filed on May 22, 2006, because: (a) in the prior contribution action, Acceptance and its counsel litigated the identity of Bay Area's insurers, and (b) after being admonished by that Court to "do your homework and sue the right defendant," Acceptance sought and obtained the ASIC policy prior to filing this action, and attached it to the complaint. (See ASIC's Request for Judicial Notice, Exhs. "B," "C," "F," and "G.")

Indeed, Plaintiff's counsel admits that, following its prior contribution action, "Plaintiff subsequently obtained the policies from the insurance broker and filed the present contribution action." (Opposition, p. 11, lines 14-15.) Plaintiff thereafter attached the ASIC policy, which identifies ASIC at the top corner of the first page, and on each of the last twenty-eight (28) pages of the policy, as "AMERICAN SAFETY INDEMNITY COMPANY." (See ASIC policy, attached as Exhibit "B" to the Complaint and First Amended Complaint - Exh. "K" to ASIC's Request for Judicial Notice.) As such, Acceptance's counsel identified ASIC before filing this lawsuit, and cannot simply re-characterize the failure to timely make ASIC a defendant as "genuine ignorance."

The applicable general rule states that: "amendment generally will not be allowed to bring in a new party after the statute of limitations has run as to that new party." Prince v. Jensen Motors, Inc., 139 Cal.App.3d 653, 655 (1983).

The exception to this rule only "permits correction where the plaintiff has committed an excusable mistake . . ." However, after litigating the identity of Bay Area's insurers in a prior action, and obtaining the ASIC policy before filing the complaint in this case, Plaintiff cannot establish, and has presented this court with nothing to indicate, that its failure to timely sue ASIC is, or was, excusable.

Plaintiff's Opposition offers a myriad of other excuses as to why Plaintiff "could not" name ASIC as a defendant before February 2008, including the accusation that ASIC "withheld" information in order to deceive Acceptance's counsel. However, there is no evidence to support any of the arguments, and moreover, these are precisely the same meritless arguments Plaintiff's same counsel asserted in the first contribution action, wherein the Koletsky Mancini firm also failed to correctly name Bay Area's insurers. (See Exhibit "E" to ASIC's Request for Judicial Notice, at pages 3-4.) These arguments were previously rejected by the state court in the prior contribution suit (before Plaintiff had obtained the ASIC policy), and should likewise be rejected here. (See Exhibits "F" and "G" to ASIC's Request for Judicial Notice.)

### D. There Is No Written Contract Between the Parties, as Required to Support a Cause of Action for Declaratory Relief

A cause of action for declaratory relief is premised explicitly upon the existence of a written contract between the parties. 4 Witkin, Cal. Procedure, supra, § 814; <u>Wellenkamp v. Bank of America</u>, 21 Cal.3d 943, 947 (1978); <u>Maguire v. Hibernia Savings & Loan</u>, 23 Cal.2d 719 (1944) (Cause of action for declaratory relief must allege a contract); <u>General Ins. Co. v. Whitmore</u>, 235 Cal.App.2d 670, 673 (1965).

As set forth in Plaintiff's opposition, Code of Civil Procedure § 1060, which authorizes actions for declaratory relief, provides that the right to declaratory relief is only available to: "Any person interested under a written instrument, . . . or under a contract[.]" (See Opposition, p. 11, lines 20-22.)

Because there is no written contract between Plaintiff and ASIC, and the rights Plaintiff can legally assert against another carrier such as ASIC are premised only in equity, the cause of action for declaratory relief cannot stand.

## IV. CONCLUSION

For the reasons stated above, the First Amended Complaint fails to state causes of action against ASIC because Plaintiff's contribution claims against ASIC arose, at the latest, on or before August 14, 2004, and Acceptance did not assert them until February 7, 2008. Further, there is no contractual basis upon which to premise a cause of action for declaratory relief. These defects cannot be cured.

Accordingly, ASIC respectfully requests that the First Amended Complaint dismissed as to ASIC, without leave to amend.

Respectfully submitted,

DATED: April 7, 2008            Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendant
American Safety Indemnity Company

**PROOF OF SERVICE**

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On April 7, 2008, I served the foregoing documents described as **REPLY TO PLAINTIFF'S OPPOSITION TO AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]   VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X]   FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 7, 2008 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lea Powell

1

PROOF OF SERVICE

## SERVICE LIST

***Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.***

United States District Court Case No. CV08-01577 GPS (AGRx)

Raymond C. Dion
Perry E. Rhoads
Koletsky, Mancini, Feldman & Morrow
3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
Telephone: (213)427-2350
Facsimile: (213)427-2366

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY