1  David S. Blau (Bar No. 166825)
   David M. Morrow (Bar No. 175776)
2  Law Offices of David S. Blau, P.C.
   6080 Center Drive, Suite 210
3  Los Angeles, California 90045
   (310) 410-1900 phone
4  (310) 410-1901 fax
   david@blaulaw.net
5
   Attorneys for Defendant
6  American Safety Indemnity Company

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| 11 ACCEPTANCE INSURANCE COMPANY, | Case No. CV08-01577 GPS (AGRx) |
|---|---|
| 12 | **REPLY TO PLAINTIFF'S OPPOSITION TO AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 13  Plaintiff, | |
| 14  vs. | |
| 15 AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY, | |
| 16 | [Filed and Served Concurrently With Evidentiary Objections to, and Motion to Strike Portions of, Declaration of Brett G. Hampton] |
| 17  Defendants. | |
| 18 | Date:  April 14, 2008 |
| 19 | Time:  1:30 p.m. |
| 20 | Place:  Courtroom 7 |
|    | Judge:  Hon. George P. Schiavelli |
| 21 | ORAL ARGUMENT REQUESTED |

22      Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC")
23  respectfully submits the following Memorandum of Points and Authorities in
24  Reply to Plaintiff ACCEPTANCE INSURANCE COMPANY's ("Plaintiff" or
25  "Acceptance") Opposition to ASIC's Motion to Transfer this action to the
26  United States District Court for the Southern District of California, pursuant to
27  28 U.S.C. § 1404(a).
28

                                    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT IN REPLY

Plaintiff has failed to refute any of the persuasive evidence and arguments set forth in Defendants' moving papers, which establish the propriety of the transfer of this action to the Southern District of California, where: (1) all witnesses relevant to the claims at issue reside, (2) all relevant documents are located, (3) where Defendants are alleged to have acted, and (4) where Plaintiff recently filed, and the parties are litigating, other disputes. In addition, Plaintiff's opposition highlights the fact that this lawsuit has virtually no connection to the Central District of California.

All of the smoke created by Plaintiff's opposition, including an attempt to downplay and re-characterize the evidence submitted by ASIC, does nothing to contradict or dilute the significance of the facts presented. The facts demonstrate that the convenience of the witnesses and parties (in accessing evidence), and the location of the Defendants' conduct, mandate that venue proceed in the Southern District of California.

## II. ARGUMENT IN REPLY

### A. The Convenience of the Parties and Witnesses Mandate Transfer of this Action to the Southern District of California, and the Convenience of Plaintiff Appears Unaffected By Such a Transfer

Clearly, the convenience of the witnesses and parties is primary in considering whether to transfer a case to another venue. 28 U.S.C. § 1404(a); May Dept. Stores Co. v. Wiliansky, 900 F.Supp. 1154, 1165 (E.D.Mo. 1995); E. & J. Gallo Winery v. F. & P.S.P.A., 899 F.Supp. 465, 466 (E.D.Cal. 1994).

Plaintiff itself alleges that Defendant ASIC acted solely through its claims administrator, American Safety Insurance Services, Inc. (First Amended Complaint, Paras. 18 and 21.) American Safety Insurance Services, Inc.'s office which administered the underlying claim is located in San Diego, California.

1

REPLY IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

(Declaration of Jean Fisher ("Fisher Dec."), Para. 4.) American Safety Insurance Services, Inc.'s employee principally responsible for handling of the underlying claim, Jean Fisher, and any other potential witnesses affiliated with claims administrator American Safety Insurance Services, Inc., are located in San Diego, California. (Fisher Dec., Para. 4.) American Safety Insurance Services, Inc. maintains those business records which are relevant to the underlying claim in San Diego, California. (Fisher Dec., Para. 5.) Accordingly, the alleged conduct of the Defendants in this matter occurred in San Diego, California, and all Defendants' potential witnesses and records are located there.

In opposition, Plaintiff weakly argues only that: (1) Jean Fisher is the only relevant witness identified by ASIC, and paradoxically (2) Ms. Fisher's relevance should nevertheless be discounted. (Opposition, pp. 4-5.)

However, Plaintiff's arguments ignore the evidence submitted by ASIC. Ms. Fisher's Declaration establishes that she, and <u>any other potential witnesses affiliated with American Safety Insurance Services, Inc. who administered the claims arising out of the underlying action</u>, are located in San Diego, California. (Fisher Dec., Para. 4.) Plaintiff's utter lack of diligence in thus far identifying any other witnesses should not work to Plaintiff's benefit.

Further, Plaintiff's attempt to minimize Ms. Fisher's importance as a witness is belied by plaintiff's admission that she is "Corporate Claims Counsel and CD [Construction Defect] Claims Manager" for both defendants, and the fact that plaintiff has previously noticed and deposed Ms. Fisher as Defendant American Safety Risk Retention Group, Inc.'s "person most knowledgeable" pursuant to California Code of Civil Procedure § 2025. (See Plaintiff's Request for Judicial Notice, Exhibit "C" to Exhibit "1," thereto.)

Moreover, a transfer to the Southern District of California would not, as Plaintiff claims, "merely shift the inconvenience to the plaintiff." Plaintiff is a Nebraska corporation (see First Amended Complaint, para. 1), and has failed to

2

REPLY IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

provide any evidence as to why the Southern District of California is not an equally convenient forum for it as the Central District.

### B. The Interests of Justice Also Mandate Transferring This Action to the Southern District of California

The relative ease of access to proof in the new forum also weighs in favor of transfer to the Southern District of California. In re Horseshoe Entertainment, 305 F.3d 354, 358 (5th Cir. 2002); Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

Access to proof is easier in the Southern District of California, since the offices, documents, and employees of Defendant's claim administrator American Safety Insurance Services, Inc. are all located in San Diego, in the Southern District of California. (Fisher Dec., Paras. 3, 4, and 5.) The costs to the Defendants and local witnesses would be reduced by litigating the case in San Diego.

Moreover, and importantly, the parties are currently litigating another equitable contribution dispute in San Diego, which Plaintiff recently commenced. (See Exhibit "1" to Fisher Dec.) Plaintiff's filing of the other contribution action against ASIC in San Diego, California is a concession that San Diego is the proper jurisdiction for such litigation between the parties. The presence of related litigation in a forum is relevant to determining the "interests of justice." Black and Decker Corp. v. Vermont American Corp., 915 F.Supp. 933 (N.D. Ill. 1995).

Based on the foregoing, transferring this action to the Southern District of California will promote justice through preventing the waste of time and money, and by allowing easier access to proof.

/ / /

/ / /

3

REPLY IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

### C. Plaintiff's Choice of Forum is Not Entitled to Deference, and This Judicial District Has No Meaningful Ties to This Case

As set forth in the moving papers, this lawsuit has no significant contacts with the Central District of California, and Plaintiff has presented none.

Further, Plaintiff's choice of venue is entitled to only minimal consideration when a plaintiff sues in a forum that is not its residence, as when "the plaintiff has brought suit in a forum which is not its 'home turf.'" Magee v. Essex-Tec Corp., 704 F.Supp. 543, 547 (D.Del.1988), quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3rd Cir.1970); Armco Steel Co. L.P. v. CSX Corp., 790 F.Supp. 311, fn. 11(D.D.C.1991); New Image, Inc. v. Travelers Indem. Co., 536 F.Supp. 58, 59 (E.D.Pa. 1981).

Further, Plaintiff has presented no evidence to justify venue in this judicial district, and courts also recognize that "diminished consideration [is] accorded to a plaintiff's choice of forum where, as here, that forum has no meaningful ties to the controversy . . ." Islamic Republic of Iran v. Boeing Co., 477 F.Supp. 142 (D.D.C.1979).

Despite the assertion in Plaintiff's opposition, the pendency of the state court action here does not render this judicial district "automatically the proper district" for venue, but merely the proper district for removal. 28 U.S.C. § 1446(a). After removal, a case may be transferred to a more appropriate district for the convenience of the witnesses and parties. Hollis v. Florida State University, 259 F.3d 1295, 1300 (11th Cir. 2001).

Plaintiff commenced this action in California, which admittedly is not its residence, and in a district with no ties to the controversy, and thus Plaintiff's choice of forum is entitled to minimal deference, if any.

### III. CONCLUSION

All of the factors that the Court should address in considering this motion weigh in favor of this matter proceeding in the Southern District of California

4

REPLY IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

rather than in the Central District. The case lacks sufficient ties to the Central District of California, and the Southern District of California is the forum most appropriate and convenient to the witnesses, and equally convenient to Plaintiff, which has affirmatively selected jurisdiction there in another pending matter between the parties.

Accordingly, Defendant ASIC requests that the Court grant this motion to transfer this action to the Southern District Court for convenience pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

DATED: April 7, 2008

Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendant
American Safety Indemnity Company

REPLY IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. 1404(a)]

## PROOF OF SERVICE

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On April 7, 2008, I served the foregoing documents described as **REPLY TO PLAINTIFF'S OPPOSITION TO AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO TRANSFER FOR CONVENIENCE; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]   VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X]   FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 7, 2008 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lea Powell

1

PROOF OF SERVICE

## SERVICE LIST

***Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.***

United States District Court Case No. CV08-01577 GPS (AGRx)

Raymond C. Dion
Perry E. Rhoads
Koletsky, Mancini, Feldman & Morrow
3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
Telephone: (213)427-2350
Facsimile: (213)427-2366

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

2

PROOF OF SERVICE