1  David S. Blau (Bar No. 166825)
   David M. Morrow (Bar No. 175776)
2  Law Offices of David S. Blau, P.C.
   6080 Center Drive, Suite 210
3  Los Angeles, California 90045
   (310) 410-1900 phone
4  (310) 410-1901 fax
   david@blaulaw.net
5
   Attorneys for Defendant
6  American Safety Indemnity Company

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 | ACCEPTANCE INSURANCE          | Case No. CV08-01577 GPS (AGRx)
   | COMPANY,
12 |                               | **AMERICAN SAFETY**
   |                               | **INDEMNITY COMPANY'S**
   |           Plaintiff,          | **OPPOSITION TO PLAINTIFF'S**
13 |                               | **MOTION TO REMAND CASE;**
   |       vs.                     | **MEMORANDUM OF POINTS AND**
14 |                               | **AUTHORITIES**
   | AMERICAN SAFETY RISK
15 | RETENTION GROUP, INC., and    | [Filed and Served Concurrently with
   | AMERICAN SAFETY INDEMNITY     | supporting Declaration of Jean D.
16 | COMPANY,                      | Fisher; and Evidentiary Objections to,
   |                               | and Motion to Strike Portions of,
17 |          Defendants.          | Declaration of Brett G. Hampton]

18

19                              Date:    April 28, 2008
                                Time:    1:30 p.m.
20                              Place:   Courtroom 7
                                Judge:   Hon. George P. Schiavelli
21
                                ORAL ARGUMENT REQUESTED
22

23      Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC")

24 respectfully submits the following Memorandum of Points and Authorities in

25 Opposition to Plaintiff ACCEPTANCE INSURANCE COMPANY's ("Plaintiff"

   or "Acceptance") Motion to Remand Case.
26

27

28

                                    1

              ───────────────────────────────────────
                   **OPPOSITION TO MOTION TO REMAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Motion to Remand this case to state court (hereinafter Plaintiff's "motion") is completely without merit.

Plaintiff does not dispute that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a), nor that ASIC filed its Notice of Removal within thirty days after ASIC was served.

Plaintiff bases its motion on the claims that (1) removal was untimely because the thirty-day time limit began when the first party in the case, AMERICAN SAFETY RISK RETENTION GROUP, INC. ("ASRRG"), was served shortly after the Complaint was filed on May 22, 2006, and because the one-year limitations period began on May 22, 2006, and has also expired; and (2) ASIC is a "citizen" of California because its "principal place of business" is purportedly located here, and therefore 28 U.S.C. § 1441(b) prohibits removal.[1]

Plaintiff's arguments are based on outdated case law, misrepresentation of facts, and an incomplete record, and for these reasons must fail.

While the two older cases cited by Plaintiff held that the thirty-day removal period begins when the first defendant in a case is served, more recent cases in California and outside the Ninth Circuit have undermined that rule, determined that rule to be in conflict with Supreme Court precedent, and have held that a later-served defendant is accorded the full thirty (30) days after service in which to remove.

Further, the one-year limitations period in 28 U.S.C. § 1446(b) has repeatedly been held to apply only to cases that are not initially removable when

---

[1]    Plaintiff erroneously refers to this argument as ASIC's suffering a "lack of diversity." However, any so-called "lack of diversity" does not appear to be the basis of Plaintiff's argument, as Plaintiff does not in fact assert that it is a citizen of California, as Plaintiff would necessarily argue if Plaintiff claimed diversity were lacking.

1

1  filed in state court, and thus, according to Plaintiff's own argument that first-
2  served defendant ASRRG could have removed, it is inapplicable in this case.  In
3  sum, ASIC's removal was absolutely timely.

4      Equally important, ASIC is not a citizen of California.  ASIC is
5  incorporated in the state of Oklahoma, and has its main office in Atlanta,
6  Georgia, where its corporate activity takes place and its executive functions are
7  performed.  (See Declaration of Jean D. Fisher ["Fisher Dec."], filed herewith.)

8      Despite Plaintiff's representations to the contrary, ASIC has no office  or
9  employees in the state of California.  The "evidence" that Plaintiff has presented
10 has no bearing on ASIC's citizenship because it pertains to an entirely separate
11 corporation, American Safety Insurance Services, Inc. ("ASIS"), which is a third
12 party claims administrator for ASIC.   The fact that the Plaintiffs misleadingly
13 leaves out of the moving papers is that there is no question that ASIS and ASIC
14 are distinct and independent corporations.  The fact that ASIS may handle
15 administrative matters as a contractor for ASIC does not make ASIC a "citizen"
16 of California, as argued by the Plaintiff.

17     ASIC's Notice of Removal was timely filed within thirty (30) days of the
18 date ASIC was served.  28 U.S.C. § 1441(b) poses no bar to removal because
19 ASIC is not a citizen of California, but rather of the states of Oklahoma and
20 Georgia.  Accordingly, removal was proper, and Plaintiff's motion to remand the
21 matter to state court should be denied.

22

23 II.  **RELEVANT FACTS**

24     A.    **It Is Undisputed That ASIC Removed This Matter Within Thirty**
25            **Days After ASIC Was Served**

26     Plaintiff cannot reasonably dispute that it served ASIC with the First
27 Amended Complaint through ASIC's agent for service of process, CT
28 Corporation, on February 26, 2008, or that ASIC filed its Notice of Removal on

2

1  March 6, 2008, less than thirty (30) days later. (See Notice of Removal.)

2  **B.  Citizenship of Defendants ASIC and ASRRG, and Their Third-**
**Party Claims Administrator ASIS**

3

4  Defendant ASIC is incorporated in the state of Oklahoma, and has its main

5  office in Atlanta, Georgia.[2] (Fisher Dec., Para. 4.) ASIC's management

6  activities and executive functions are performed in its office in Atlanta, Georgia,

7  where ASIC's officers are located. (Fisher Dec., Para. 4.) ASIC has no

8  employees in California, and no office located in California. (Fisher Dec., Para.

9  4.)

10  Defendant ASRRG is incorporated in the state of Vermont, and has its main

11  office in Atlanta, Georgia. (Fisher Dec., Para. 5.) ASRRG's management

12  activities and executive functions are performed in its office in Atlanta, Georgia,

13  where ASRRG's officers are located. (Fisher Dec., Para. 5.) Likewise, ASRRG

14  has no employees in California, and no office located in California. (Fisher

15  Dec., Para. 5.)

16  ASIC and ASRRG are separate, unrelated corporations. (Fisher Dec., Para.

17  6.) On the one hand, ASIC is a subsidiary of a publicly-traded company,

18  American Safety Insurance Holdings, Ltd. (Fisher Dec., Para. 6.) On the other

19  hand, ASRRG is a risk retention group, and as such, its shareholder members are

20  comprised of its policyholders, including Bay Area Construction Framers.

21  (Fisher Dec., Para. 6.) ASRRG is not a subsidiary entity, and is not related to

22  ASIC. (Fisher Dec., Para. 6.)

23  ASIS is a separate corporation which administers claims and underwriting

24  on behalf of Defendants ASIC and ASRRG. (Fisher Dec., Para. 7.) ASIS is a

25

26  _____

27  [2]  Although Plaintiff alleges in its First Amended Complaint that ASIC is incorporated in the State of Georgia, and this was recited in ASIC's Notice of Removal for purposes of reflecting diversity, ASIC's state of incorporation is in fact Oklahoma. (See Declaration of Jean Fisher, filed concurrently herewith.)

28

3

1  Georgia corporation, with its main office in Atlanta, Georgia.  ASIS has five (5)

2  offices nationwide, including offices in Atlanta, Georgia; Cherry Hill and

3  Middleton, New Jersey; San Diego, California; and Strongsville, Ohio.  (Fisher

4  Dec., Para. 7.)  Of ASIS' offices, the only one located in California is the

5  construction defect claims office located in San Diego, California.  (Fisher Dec.,

6  Para. 7.)  ASIS has approximately 100 employees in its main office in Atlanta,

7  Georgia office, and 15 employees in its California office.  (Fisher Dec., Para. 7.)

8

9  **III.  ARGUMENT IN OPPOSITION**

10      **A.**    **ASIC's Notice of Removal Was Timely**

11          **1.**    **ASIC Is Afforded Thirty (30) Days After Service in Which**

12              **to Remove**

13      In support of its argument that the thirty-day removal period begins when

14  the first defendant in a case is served (the so-called "first served rule" or

15  "unanimity rule"), Plaintiff cites Transport Indem. Co. v. Financial Trust Co.,

16  339 F.Supp. 405, 409 (C.D. Ca 1972); and Brown v. Demco, Inc., 792 F.2d 478,

17  481-482 (5th Cir. 1986).

18      While those cases held as Plaintiff asserts, more recent cases in California

19  and elsewhere within the Ninth Circuit have rejected the above-expressed rule,

20  and have firmly held that a later-served defendant is accorded the full thirty (30)

21  days after service in which to remove (i.e., the "last served rule").  Bonner v.

22  Fuji Photo Film, 461 F.Supp.2d 1112, 1117-18 (N.D. Cal. 2006) (affirming "last

23  served rule"); Ford v. New United Motors Mfg., Inc., 857 F.Supp. 707, 710

24  (N.D. Cal. 1994); Drew v. Equifax Info. Services, 2007 U.S.Dist. LEXIS 53157

25  (N.D. Cal. 2007); Coleman v. Assurant, Inc., 463 F.Supp.2d 1164, 1168 (D.

26  Nev. 2007) .

27      While the Ninth Circuit has not endorsed either rule, a leading California

28  practice treatise has noted:

1
2
3
4
5
6
7

"There is a growing trend outside the Ninth Circuit
against the uniformity rule with multiple defendants.
These circuits permit later-served defendants 30 days
from the date of service of the complaint to file a
removal notice with the unanimous consent of their co-
defendants, even though the first-served co-defendants
did not file a removal notice within 30 days . . ."

8  "Federal Pre-Trial Procedure in California," Chapter 3:20[4][a], Matthew
9  Bender (2007). Indeed, the modern trend is to adopt the "last served rule" and
10 give later-served defendants thirty (30) days after service in which to remove.
11 Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532-33 (6th Cir.
12 1999), *cert. denied,* 528 U.S. 1076 (1999); Marano Enterprises v. Z-Teca
13 Restaurants, L.P., 254 F.3d 753, 755-57 (8th Cir. 2001); Conn. Bank of
14 Commerce v. Republic of Congo, 440 F.Supp2d 446 (D Del. 2006).

15     In fact, one recent District Court decision specifically undermined the
16 Brown v. Demco, Inc. case upon which Plaintiff now relies, and in so doing
17 noted that the "first served rule" rule of Brown is now in conflict with the
18 subsequent Supreme Court case of Murphy Brothers, Inc. v. Michetti Pipe
19 Stringing, Inc., 526 U.S. 344 (1999). In Piacente v. State University of New
20 York, the District Court held:

21
22
23
24
25
26
27
28

"[T]he Supreme Court's decision in Murphy Bros., supra
526 U.S. 344 note 5, suggests that the RD [Recent
Defendant] rule is the proper interpretation of section
1446(b). Indeed, the Eighth Circuit Court of Appeals
stated that it found `neither [the FSD rule nor the RD
rule] particularly compelling, as both are susceptible to
abuse and have potential to create inequities. We are
convinced, however, that the legal landscape in this area

5

1               has been clarified, and perhaps the definitive answer
2               portended, by the Supreme Court's decision in Murphy
3               Bros. [supra note 5].  We conclude that, if faced with the
4               issue before us today, the [Supreme] Court would allow
5               each defendant thirty days after receiving service within
6               which to file a notice of removal, regardless of when - or
7               if - previously served defendants had filed such notices.'"

8 Piacente v. State University of New York, 362 F. Supp. 2d 383, at 387-88, fn

9 31 (W.D. NY 2004) (emphasis added).  The District Court thus concluded:

10               "Moreover, inasmuch as the Fifth Circuit Court of
11               Appeals' decisions in Brown, supra 792 F.2d 478,
12               481-482 note 7, and Getty Oil, supra 841 F.2d 1254 note
13               7, were decided before Murphy Bros., the policy
14               discussions contained therein -- and often adopted by
15               courts adopting the FSD rule -- are undermined."

16 Id. at 390.  As such, Plaintiff's authorities are simply no longer good law.

17 Further, Plaintiff's argument that first-served defendant ASRRG "waived"

18 ASIC's right to remove because ASRRG's defense was overseen by ASIS, the

19 same claim administrator that would eventually come to oversee ASIC's

20 defense, is irrelevant.  That is, quite simply, ASIC and ASRRG are separate

21 and unrelated corporations.  (Fisher Dec., Para. 6.)  As discussed above, ASIC

22 is a subsidiary of a publicly-traded company, American Safety Insurance

23 Holdings, Ltd., whereas ASRRG is a risk retention group, with shareholders

24 comprised of, essentially, policyholders.  (Fisher Dec., Para. 6.)

25 Likewise, the argument that ASRRG "waived" ASIC's separate right to

26 remove because ASRRG, as a defendant, somehow "availed itself of state

27 court," is ridiculous.  It is Plaintiff that filed this action in state court.

28 Accordingly, 28 U.S.C. § 1446(b) provides ASIC with thirty (30) days

OPPOSITION TO MOTION TO REMAND

1  following service in which to remove, and it is undisputed that ASIC timely did

2  so.

3

4       2.     **The One-Year Limitations Period of 28 U.S.C. § 1446(b)**

           **Does Not Apply In This Case, Because This Case Was**

5             **Initially Removable**

6

     Plaintiff also contends that ASIC's removal was untimely because the

7  one-year limitations period contained in 28 U.S.C. § 1446(b) began when this

8  action was first filed in state court on May 22, 2006, and therefore expired one

9  year later.  However, this claim is frivolous.

10

     The one-year limitations period set forth in 28 U.S.C.S. § 1446(b) applies

11  only to cases that were not removable to federal court when originally filed.

12  Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998), cert den 525 U.S.

13  963 (1998); New York Life Ins. Co. v. Deshotel, 142 F.3d 873 (5th Cir. 1998);

14  Brown v Tokio Marine & Fire Ins. Co., 284 F.3d 871 (8th Cir. 2002), cert den

15  537 U.S. 826 (2002); Bosky v. Kroger Tex., LP, 288 F.3d 208 (5th Cir. 2002).

16

     In the present case, Plaintiff admits that first-served defendant ASRRG

17  could have removed this matter when served with the initial Complaint.

18  (Motion to Remand, p. 8, lines 4-10.)  This conclusion is supported by the fact

19  that ASRRG is a Vermont corporation, with its main office in Atlanta, Georgia,

20  and is thus diverse from Plaintiff.  (See Fisher Dec., Para. 5; 28 U.S.C. § 1332).

21

     Therefore, the one-year limitations period set forth in 28 U.S.C. § 1446(b)

22  does not apply to this matter, and the case was timely removed by ASIC within

23  30 days following service upon ASIC.

24     **B.**     **ASIC Is Not a "Citizen" of California, and Therefore 28 U.S.C.**

25           **§ 1441(b) Poses No Bar to Removal**

26

     Finally, Plaintiff asserts that ASIC is a "citizen" of California because its

27  "principal place of business" is purportedly located here, and therefore

28

7

---

**OPPOSITION TO MOTION TO REMAND**

1  removal is prohibited by 28 U.S.C. § 1441(b). (Plaintiff erroneously

2  characterizes this as ASIC having a "lack of diversity.") However, regardless

3  of which test is utilized to determine ASIC's citizenship, ASIC is not a citizen

4  of California.

5      ASIC agrees with Plaintiff that corporations are deemed citizens of both

6  their (1) state or states of incorporation, and (2) the state where their principal

7  place of business is located. 28 U.S.C. § 1332(c). Under either inquiry, ASIC

8  is not a citizen of California.

9      First, there is no question that Defendant ASIC is incorporated in, and is a

10  citizen of, the state of Oklahoma. (Fisher Dec., Para. 4.)

11      Second, assuming that reliance upon the state of incorporation does not

12  settle the issue of jurisdiction, the applicable Ninth Circuit test to locate a

13  corporation's "principal place of business" is to determine the state in which:

14  (a) a "substantial predominance" of corporate activity takes place, or

15  alternatively, (b) a majority of the corporation's executive and administrative

16  functions are performed. United Computer Systems, Inc. v. AT&T Corp., 298

17  F.3d 756, 763 (9th Cir. 2002). While these two inquiries may overlap, both the

18  number of corporate employees, and the location of top management, in a state

19  can be determinative. (Id.)

20      Plaintiff also concedes that a corporation's principal place of business is

21  "typically the State where the executive and/or administrative offices of the

22  corporation are located." (Motion, p. 10, lines 1-3.) Put another way, the

23  location of daily operating and management activities governs the selection of

24  the principal place of business. Danjaq, S.A. v. Pathe Communications Corp.,

25  979 F.2d 772, 776 (9th Cir. 2002).

26      In ASIC's case, all of the above factors mandate that the state of Georgia is

27  ASIC's principal place of business. ASIC's administrative offices are found in

28  its main office located at 100 Galleria Parkway, S.E., Suite 700, Atlanta,

8

Georgia. (Fisher Dec., Para. 4.) Most, if not all, of ASIC's corporate activity, daily management activities, and executive functions are performed in its office in Atlanta, Georgia, where its corporate officers are located. (Fisher Dec., Para. 4.) Moreover, ASIC does not have an office located in California, or any employees in California. (Fisher Dec., Para. 4.)

In contrast, the extensive so-called "evidence" recited in Plaintiff's motion is entirely irrelevant to ASIC, and should be disregarded as having any bearing on ASIC's citizenship. Rather, an examination of Plaintiff's "evidence" and the Declarations of Jean Fisher upon which the "evidence" is seemingly based, demonstrates that it actually pertains to another corporation, specifically ASIC's third-party administrator, ASIS. (See Motion, at pp. 3-6.) Plaintiff's motion also inappropriately refers to ASIC and ASIS interchangeably, in an apparent effort to somehow have ASIS' California activity attributed to ASIC. (Motion, at p. 5, lines 8-12.) Once again, ASIS is a separate corporation from ASIC, and is a third party administrator for Defendants ASIC and ASRRG. (Fisher Dec., Para. 7.)

Although not relevant to Plaintiff's motion, in the interest of clarity, it should be noted that ASIS is not a citizen of California, either. ASIS is a Georgia corporation, with its main office in Atlanta, Georgia. (Fisher Dec., Para. 7.) ASIS has five (5) offices nationwide, with the only one of ASIS' offices located in California being the construction defect claims office in San Diego, California. (Fisher Dec., Para. 7.) ASIS has approximately 100 employees in its main office in Atlanta, Georgia office, and only 15 employees in its California office. (Fisher Dec., Para. 7.)

Moreover, the mere sale of insurance policies to California residents does not establish ASIC's citizenship in California. If such were the case, then no nationwide insurer would ever be able to establish diversity.

As set forth above, ASIC is a citizen of the states of Oklahoma (where it is

9

1  incorporated), and Georgia (the location of its principal place of business), and
2  28 U.S.C. § 1441(b) poses no impediment to ASIC's removal of this matter to a
3  District Court sitting in California.

4  **IV. <u>CONCLUSION</u>**

5      ASIC's removal was proper and timely, by all standards.  Accordingly,
6  Defendant ASIC requests that the Court deny Plaintiff's Motion to Remand this
7  action to the state court.

8                            Respectfully submitted,

9  DATED: April 14, 2008           Law Offices of David S. Blau, P.C.

10

11                         By: _____

12                              David S. Blau
13                              David M. Morrow
14                              Attorneys for Defendant
                            American Safety Indemnity
                            Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO REMAND

1

**PROOF OF SERVICE**

2

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

3

United States District Court Case No.

4

STATE OF CALIFORNIA COUNTY OF LOS ANGELES

5

6

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

7

8

9

10

On April 14, 2008, I served the foregoing documents described as **AMERICAN SAFETY INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

11

**SEE ATTACHED SERVICE LIST**

12

13

[X ]    BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

14

[ ]    BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

15

16

17

[ ]    VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above.    This document was transmitted by facsimile and transmission reported complete without error.

18

19

[X ]    FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

20

21

22

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

23

Executed on April 14, 2008 at Los Angeles, California.

24

25

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27

_____

Lea Powell

28

1

1

## SERVICE LIST

2

*__Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.__*

3

United States District Court Case No. CV08-01577 GPS (AGRx)

4

5

Raymond C. Dion
Perry E. Rhoads
6

Koletsky, Mancini, Feldman & Morrow
7

3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
8

Telephone: (213)427-2350
Facsimile: (213)427-2366
9

10

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendant
American Safety Indemnity Company

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>        Defendants. | Case No. CV08-01577 GPS (AGRx)<br><br>**DECLARATION OF JEAN D. FISHER IN SUPPORT OF DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[Filed and Served Concurrently With Memorandum of Points and Authorities, and Evidentiary Objections to, and Motion to Strike Portions of, Declaration of Brett G. Hampton]<br><br>Date:    April 28, 2008<br>Time:    1:30 p.m.<br>Place:   Courtroom 7<br>Judge:  Hon. George P. Schiavelli<br><br>ORAL ARGUMENT REQUESTED |

## DECLARATION OF JEAN D. FISHER

I, Jean Fisher, declare as follows:

    1.    I am an attorney, duly admitted to practice before all of the Courts of the State of California, and am employed by American Safety Insurance Services, Inc., in its office located in San Diego, California. American Safety

1

Insurance Services, Inc. administers claims on behalf of Defendants AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") and AMERICAN SAFETY RISK RETENTION GROUP, INC. ("ASRRG") in connection with liability policies issued by ASIC and ASRRG. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify competently as to all such matters under oath.

2.     This Declaration is made in support of Defendant ASIC's Opposition to Plaintiff's Motion to Remand Case.

3.     In my employment as an attorney for American Safety Insurance Services, Inc., I have served as CD Claims Manager and Corporate Claims Counsel. My duties and responsibilities for American Safety Insurance Services, Inc. have included oversight of all construction defect-related litigation naming ASIC and ASRRG.

4.     Defendant ASIC is incorporated in the state of Oklahoma, and its main office is located in Atlanta, Georgia, at 100 Galleria Parkway, S.E., Suite 700. Most, if not all, of ASIC's corporate activity, daily management activities, and executive functions are performed in ASIC's office in Atlanta, Georgia, where its corporate officers are located. ASIC has no employees in California, and no office located in California.

5.     Defendant ASRRG is incorporated in the state of Vermont, and has its main office in Atlanta, Georgia. ASRRG's management activities and executive functions are performed in its office in Atlanta, Georgia, where ASRRG's officers are located. Likewise, ASRRG has no employees in California, and no office in California.

6.     ASIC and ASRRG are separate, unrelated corporations. On the one hand, ASIC is a subsidiary of a publicly-traded company, American Safety Insurance Holdings, Ltd. On the other hand, ASRRG is a risk retention group, and as such, its shareholder members are comprised of its policyholders,

2

DECLARATION OF JEAN D. FISHER IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  including Bay Area Construction Framers. ASRRG is not a subsidiary entity,
2  and is not related to ASIC.

3      7.     ASIS is a separate corporation from ASIC and ASRRG, and
4  administers claims and underwriting on behalf of Defendants ASIC and
5  ASRRG. ASIS is a Georgia corporation, with its main office in Atlanta,
6  Georgia. ASIS has five (5) offices nationwide, including offices in Atlanta,
7  Georgia; Cherry Hill and Middleton, New Jersey; San Diego, California; and
8  Strongsville, Ohio. The only one of ASIS' offices located in California is the
9  construction defect claims office located in San Diego, California. ASIS has
10 approximately 100 employees in its main office in Atlanta, Georgia, and 15
11 employees in its California office.

12     Executed this 14th day of April 2008 at San Diego, California.

13     I declare under penalty of perjury under the laws of the States of California
14 and the United States of America that the foregoing is true and correct.

15
16
17                            _____
18                               JEAN D. FISHER
19
20
21
22
23
24
25
26
27
28

3

**PROOF OF SERVICE**

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On April 14, 2008, I served the foregoing documents described as **DECLARATION OF JEAN P. FISHER IN SUPPORT OF DEFENDANT AMERICAN SAFETY INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X ]   BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]   VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X ]   FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 14, 2008 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lea Powell

1

PROOF OF SERVICE

1

<u>**SERVICE LIST**</u>

2

*<u>Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.</u>*

3

United States District Court Case No. CV08-01577 GPS (AGRx)

4

5

Raymond C. Dion
Perry E. Rhoads

6

Koletsky, Mancini, Feldman & Morrow

7

3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010

8

Telephone: (213)427-2350
Facsimile: (213)427-2366

9

10

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2