David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendant
American Safety Indemnity Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC., and AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendants. | Case No. CV08-01577 GPS (AGRx)<br><br>**EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF BRETT G. HAMPTON FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>[Filed and Served Concurrently With Memorandum of Points and Authorities, and Declaration of Jean D. Fisher]<br><br>Date:  April 28, 2008<br>Time:  1:30 p.m.<br>Place:  Courtroom 7<br>Judge:  Hon. George P. Schiavelli<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to Federal Rules of Evidence, Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC") respectfully submits the following evidentiary objections to, and Motion to Strike the following portions of, the Declaration of Brett G. Hampton filed in support of Plaintiff's Motion to Remand Case.

1

## I. STATEMENT:

"2.  This is a contribution case file by Acceptance Insurance, against American Safety Risk Retention Group, Inc. and Does 1 through 100, for failure to defend and indemnify the mutual primary insured, Bay Area Construction Framers, Inc. in an underlying construction defect case that settled." (p. 12, Para. 2.)

**OBJECTIONS:** This statement is objectionable because:

a. The witness lacks personal knowledge of the matter, as he was not involved in the underlying case, or the above-captioned action prior to March 2008.  (Fed. R. Evid. 602.)

## II. STATEMENT:

"4.  Plaintiff was unaware that the second American Safety policy was issued by a different American Safety entity until recently." (p. 12, Para. 4.)

**OBJECTIONS:** This statement is objectionable because:

a. The witness lacks personal knowledge of the matter, as he was not involved in the above-captioned action prior to March 2008.  (Fed. R. Evid. 602.)

b. It is irrelevant to the present motion. (Fed. R. Evid. 802.)

c. It lacks foundation.

## III. STATEMENT:

"7.  The deposition of Jean Fisher was taken on December 5, 2007. Attached hereto and marked as '**Exhibit A**' to this Motion are true and correct copies of excerpts from the deposition transcript of Jean P. Fisher (without exhibits) taken in this action." (p. 8, Para. 7.)

**OBJECTIONS:** This statement and the attached Exhibit are objectionable because:

a. The witness lacks personal knowledge of the matter, as he was not

2

---

EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF BRETT G. HAMPTON FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

          involved in the above-referenced deposition, or the above-captioned action prior to March 2008. (Fed. R. Evid. 602.)

    b.    The exhibit lacks proper authentication. (Fed. R. Evid. 901.)

    c.    It lacks foundation.

## IV. STATEMENT:

"8.    The following statements made by Ms. Fisher confirm that ASIC had notice of this lawsuit through ASRRG:

    a.    The claims administrator (American Safety Insurance Services ["ASIS"] is the same for both entities (page 13, lines 11-18).

    b.    She is employed by ASIS (page 52 lines 17-18, page 13 lines 4-6).

    c.    She is also the person most knowledgeable for ASRRG (page 6, lines 16-18).

    d.    Ms. Fisher's job duties include overseeing all of the direct actions naming American Safety entities (page 13 lines 11-18).

    e.    This includes overseeing direct actions against ASRRG and ASIC (page 52 lines 19-24).

    f.    It is brought to her attention when any American Safety entities are named in a lawsuit (ASRRG, ASIC, American Safety Casualty, Ins. Co., or ASIS) (Page 12-14, lines 24-25, 1-6).

    g.    The administrator's typical practice when a claim/tender does not name the right policy, is that they evaluate coverage under all of the policies (page 51-52, lines 23-25; 1-8).

    h.    This is what was done in this case (page 52 lines 9-11; page 64, lines 7-9).

    I.    Ms. Fisher personally contemplated whether there was coverage under the American Safety Indemnity policy since

3

before the filling of the Acceptance complaint. (Page 22 lines 9-15; page 24 lines 18-22; page 50, lines 10-18).

j. Ms. Fisher determined that there was no coverage under the second policy (issued by American Safety Indemnity) at the time its third party administrator issued a declination under the first policy (issued by American Safety Risk Retention Group). (Page 28-29, lines 16-25, 5-11).

k. Throughout the Acceptance case, Ms. Fisher has continued the process of evaluating the claim to determine whether or not there might be a potential for coverage under both policies (pages 50-51, lines 23-25, lines 3-8)." (p. 13, Para 8.)

**OBJECTIONS:** This statement is objectionable because:

a. It lacks foundation and violates the Best Evidence Rule, as it purports to characterize the contents of a writing. (Fed. R. Evid. 1002, 1006, 1007.)

b. It mischaracterizes the contents of the writing to which it refers, as the witness generally testified regarding American Safety Insurance Services, Inc., and not Defendant American Safety Indemnity Company.

c. It constitutes inadmissible hearsay. (Fed. R. Evid. 802.)

d. It contains improper opinion testimony. (Fed. R. Evid. 701.)

## V. STATEMENT:

"9. Ms. Fisher also submitted a sworn declaration in support of Defendant American Safety Risk Retention Group, Inc.'s Motion for Change of Venue. I request that the Court take judicial notice of that Declaration contained within the Court's file." (p. 14, Para 9.)

**OBJECTIONS:** This statement is objectionable because:

4

EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF
BRETT G. HAMPTON FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

a. It violates the Best Evidence Rule, as it purports to characterize the contents of a writing which is not offered as evidence. (Fed. R. Evid. 1002.)

b. The witness lacks personal knowledge of the matter. (Fed. R. Evid. 602.)

c. It constitutes an improper request for judicial notice. (Fed. R. Evid. 201.)

On the grounds set forth above, ASIC respectfully requests that its objections to the exhibit attached to, and the referenced portions of Paragraphs 2, 4, 7, 8, and 9 of, the Declaration of Brett G. Hampton be sustained, and those portions and evidence stricken.

Respectfully submitted,

DATED: April 14, 2008    Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendant
American Safety Indemnity Company

5

EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF
BRETT G. HAMPTON FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## PROOF OF SERVICE

*Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.*

United States District Court Case No.

STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6080 Center Drive, Suite 210, Los Angeles, California 90045.

On April 14, 2008, I served the foregoing documents described as **EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF BRETT G. HAMPTON FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]  BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.

[ ]  VIA FACSIMILE: I caused all of the pages of the above entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective facsimile number(s) indicated above. This document was transmitted by facsimile and transmission reported complete without error.

[X]  FEDERAL: I certify or declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postal meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 14, 2008 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lea Powell

1

PROOF OF SERVICE

## SERVICE LIST

***Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc., et al.***

United States District Court Case No. CV08-01577 GPS (AGRx)

Raymond C. Dion
Perry E. Rhoads
Koletsky, Mancini, Feldman & Morrow
3460 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90010
Telephone: (213)427-2350
Facsimile: (213)427-2366

Attorneys for Plaintiff,
ACCEPTANCE INSURANCE COMPANY

PROOF OF SERVICE