1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10
11   ACCEPTANCE INSURANCE            )   Civil No. 08cv1057-L(WMc)
     COMPANY,                        )
12                                   )   **ORDER DENYING AMERICAN**
                      Plaintiff,     )   **SAFETY INDEMNITY COMPANY'S**
13                                   )   **MOTION TO DISMISS**
     v.                              )
14                                   )
     AMERICAN SAFETY RISK            )
15   RETENTION GROUP, INC. *et al.*, )
                                     )
16                    Defendants.    )
                                     )
17   ──────────────────────────────  )

18        This contribution action between liability insurers was removed from State court to the

19   United States District Court for the Central District of California.  Defendant American Safety

20   Indemnity Company ("ASIC") filed a motion to transfer venue and to dismiss for failure to state

21   a claim.  Plaintiff filed a motion to remand.  On May 12, 2008 Plaintiff's motion to remand was

22   denied, ASIC's motion to transfer the case to this district was granted, and its motion to dismiss

23   was denied as moot in light of the transfer and without prejudice to refiling after transfer.  After

24   the case was transferred to this district, ASIC renewed its motion to dismiss, which Plaintiff

25   opposes.[1]  For the reasons which follow, the motion is **DENIED**.

26   / / / / /

27   ────────────────────
28        [1]    *See* Order Regarding Defendant American Safety Indemnity Company's Motion to
     Dismiss, filed May 5, 2006.

Plaintiff, a liability insurer, defended its insured Bay Area Construction Framers, Inc. ("Bay Area") in the underlying construction defect litigation ("Portola Action"), and paid a settlement in that action.  On May 22, 2006 Plaintiff filed a complaint in State court against American Safety Risk Retention Group, Inc. ("ASRRG") and several Doe Defendants, seeking indemnity, contribution and declaratory relief under California law.  (ASIC Ex. K.)  On January 7, 2008 Plaintiff moved for leave to name ASIC as Doe 1.  (Pl.'s Ex. 1.)  Over ASSRG's vehement opposition, the State court granted Plaintiff's motion.  (Pl.'s Ex. 2 (opposition) & 4 (order).)  On February 7, 2008 Plaintiff filed a first amended complaint naming ASIC as an additional Defendant.  (ASIC Ex. L ("First Am. Compl.").)  After removing this case to federal court and transferring venue to this district, ASIC moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

ASIC argues that the First Amended Complaint is barred by the statute of limitations. The untimeliness must appear beyond doubt on the face of the complaint before a claim will be

2

08cv1057

1  dismissed as time-barred.  *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07
2  (9th Cir. 1995).

3        Plaintiff does not dispute that the statute of limitations is two years pursuant to California
4  Code of Civil Procedure Section 339 and that it commenced to run on August 16, 2004, when
5  Plaintiff mailed the settlement payment in the Portola Action.  (Opp'n at 2.)  The parties
6  disagree, however, whether the substitution of ASIC for Doe 1 should relate back to the initial
7  complaint.  ASIC does not contend that the initial complaint was untimely.

8        Plaintiff argues that the State court's order granting its motion to name ASIC as Doe 1
9  should be given res judicata effect.  Because the order on which Plaintiff relies was made in
10  State court, California law of res judicata applies.  *See Kremer v. Chem. Constr. Corp.*, 456 U.S.
11  461, 481-82 (1982).  A prior judgment is a pre-requisite for the res judicata doctrine to apply.
12  *See Sutphin v. Speik*, 15 Cal.2d 195, 202 (1940) ("A prior judgment operates as a bar against a
13  second action upon the same cause, but in a later action upon a different claim or cause of action,
14  it operates as an estoppel or conclusive adjudication as to such issues in the second action as
15  were actually litigated and determined in the first action.")  Because the order was made in this
16  action and no judgment has been entered, Plaintiff's reliance on res judicata is misplaced.

17        A ruling made in State court is given the same effect after removal as if it had taken place
18  in federal court.  *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (9th Cir. 1979); *see*
19  *also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000).  Under proper
20  circumstances, the judge in federal court may overrule the decision made in State court prior to
21  removal.  *Fairbank*, 212 F.3d at 530.  Plaintiff suggests that anything less than interpreting the
22  State court's order as having decided the statute of limitations issue would be overruling it.  The
23  court disagrees.

24        Plaintiff argues that in considering its motion for leave to amend, the State court
25  considered the same statute of limitations arguments as are presented on this motion.  While this
26  is correct (*see* Pl.'s Ex. 1 - 3), the State court minute order states only that Plaintiff is given leave
27  to amend, and does not indicate the court's position regarding the statute of limitations (Pl.'s Ex.
28  4).  Furthermore, ASIC did not have an opportunity to address these issues before the

1  amendment.  Plaintiff's invitation to interpret the State court order granting leave to amend as

2  precluding a motion to dismiss on statute of limitations grounds is rejected.

3       In the context of amending a complaint to substitute a fictitiously-named defendant,

4  California law, not the Federal Rules of Civil Procedure, governs whether an amended complaint

5  relates back to the filing of the original complaint.  *See Ortiz v. City of Imperial*, 884 F.2d 1312,

6  1314 (9th Cir. 1989); *see also Rumberg v. Weber Aircraft Corp.*, 424 F.Supp. 294, 298 (C.D.

7  Cal. 1976), adopted as the law of the circuit in *Lindley v. Gen Elec. Co.*, 780 F.2d 797, 800 (9th

8  Cir. 1986) (the court can apply California Code of Civil Procedure Section 474 as substantive

9  California law pertaining to the statute of limitations).  In this regard, Section 474 of the

10  California Code of Civil Procedure provides in pertinent part:

11      When the plaintiff is ignorant of the name of a defendant, he must state that fact in
    the complaint . . . and such defendant may be designated in any pleading or

12      proceeding by any name, and when his true name is discovered, the pleading or
    proceeding must be amended accordingly . . ..

13

14  If the requirements of section 474 are satisfied, "the amendment is deemed to relate back to the

15  filing date of the original complaint for purposes of the statute of limitations."  *Fireman's Fund*

16  *Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1143 (2004) (internal quotation marks,

17  brackets and citation omitted).  The purpose of section 474 "is to enable a plaintiff to commence

18  an action before it has become barred by the statute of limitations due to plaintiff's ignorance of

19  the identity of the defendant.  The statute should be liberally construed to accomplish that

20  purpose."  *Dieckmann v. Super. Ct. (Int'l Harvester Corp.)*, 175 Cal. App. 3d 345, 354 (1985).

21  Section 474 does not require a plaintiff "to exercise reasonable diligence prior to filing the

22  complaint to discover the defendant's identity or the facts giving rise to a cause of action against

23  the defendant, but the lack of knowledge of the true name of a defendant must be real and not

24  feigned."  *Snoke v. Bolen*, 235 Cal. App. 3d 1427, 1432 (1991) (internal quotation marks and

25  citation omitted).

26       ASIC does not dispute that Plaintiff included the requisite Doe allegations in the initial

27  complaint as required by section 474.  Instead, it argues that the First Amended Complaint

28  / / / / /

1  should not relate back because Plaintiff knew ASIC's identity prior to the filing of the initial

2  complaint.

3  　　　ASIC maintains that Plaintiff was admonished to do its "homework" in identifying the

4  appropriate party defendant in a previous contribution action related to the Portola Action.[2]  (*See*

5  ASIC Ex. G at 5.)  However, this argument goes to Plaintiff's diligence, not knowledge.

6  　　　ASIC also contends that Plaintiff knew its identity because two insurance policies were

7  attached to the initial complaint – one issued by ASRRG and one by ASIC.  (ASIC Ex. K.)

8  However, an examination of these exhibits supports Plaintiff's observation that the logos used by

9  ASIC and ASRRG are confusingly similar, both companies use the same address and telephone

10  number, the policies are for immediately consecutive time periods, bear consecutive policy

11  numbers, follow the same format and include essentially the same language.  In the complaint,

12  Plaintiff alleged that American Safety Insurance Services, Inc. acted as the program manager for

13  ASIC and ASRRG for purposes of coverage determination and investigation of the tender of

14  defense in the Portola Action.  (First Am. Compl. at 4.)  Accordingly, the complaint and exhibits

15  attached thereto support a reasonable inference that Plaintiff did not know that ASIC and

16  ASRRG had separate identities.  *See Prince v. Jensen Motors, Inc.*, 139 Cal. App. 3d 653 (1983).

17  　　　ASIC also argues that relation back should be precluded because it will be prejudiced by

18  the delay between the initial filing and the amended complaint.  It claims, without any detail, that

19  due to the passage of time the case management dates had passed before it was brought into the

20

21  　　　[2]　　　When ruling on a motion to dismiss, the court may consider the facts alleged in the
22  complaint, documents attached to the complaint, documents relied upon but not attached to the
complaint when authenticity is not contested, and matters of which the court takes judicial
23  notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on
other grounds as stated in *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006);
24  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds, *Gailbraith
v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem. Co. v. Weisman*, 803
25  F.2d 500, 504 (9th Cir. 1986).
26  　　　A matter of public record outside the pleadings may be judicially noticed and considered
along with the complaint when deciding a motion to dismiss.  *See MGIC Indem.*, 803 F.2d at
504.  Matters which are not subject to judicial notice, such as, for example, correspondence,
27  declarations and deposition transcripts are not considered on a Rule 12(b)(6) motion.  The
parties relied on such documents, which were attached to pleadings filed in relation to previous
28  motions.  To the extent they relied on correspondence, affidavits and deposition transcripts for
substantive content, they were disregarded for purposes of this motion.

1    case.  This is unsupported by the record.  Upon granting Plaintiff's motion for leave to amend,

2    the State court expressly extended the dates to accommodate the new party.  (*See* Pl.'s Ex. 4.)

3           Moreover, prejudice is not a blanket bar to the relation-back doctrine.  "Once suit has been

4    filed, unreasonable delay in filing an amended pleading *after discovering a Doe defendant's*

5    *identity* may bar a plaintiff from using the fictitious name device.  To preclude relation back on

6    this basis, however, the opposing party must show the plaintiff was dilatory and that the

7    defendant was prejudiced by the delay."  *Winding Creek v. McGlashan*, 44 Cal. App. 4th 933,

8    942-43 (1996) (emphasis added).  As discussed above, the record does not support a conclusion

9    that Plaintiff was dilatory *after* discovering ASIC's identity.

10          A motion to dismiss based on the running of the statute of limitations period must be

11   denied if the factual and legal issues are not sufficiently clear to permit a determination with

12   certainty whether the action was timely.  *See Supermail Cargo*, 68 F.3d at 1207.  Because the

13   record supports a reasonable inference that Plaintiff did not know of ASIC's separate identity,

14   ASIC's arguments related to the statute of limitations are rejected.

15          Last, ASIC argues that Plaintiff cannot state a claim for declaratory relief under

16   California Code of Civil Procedure Section 1060 unless the claim is based on a contract between

17   the plaintiff and defendant.  Section 1060 provides in pertinent part:

18           Any person interested under a written instrument, excluding a will or a trust, or
             under a contract, or who desires a declaration of his or her rights or duties with
19           respect to another . . . may, in cases of actual controversy relating to the legal
             rights and duties of the respective parties, bring an original action or
20           cross-complaint in the superior court for a declaration of his or her rights and
             duties in the premises, including a determination of any question of construction or
21           validity arising under the instrument or contract.  . . .

22   While section 1060 allows for a declaration of rights under a contract between the parties to the

23   declaratory relief claim as ASIC contends, its scope is not so limited.

24          Plaintiff requests a declaration of ASIC's duty to defend and indemnify in the Portola

25   Action under ASIC's  insurance policy with Bay Area.  (First Am. Compl. at 7.)  The complaint

26   alleges that there is currently a controversy between Plaintiff and ASIC because Plaintiff alone

27   defended and indemnified Bay Area in the Portola Action, when ASIC may have had a duty to

28   do the same.  Plaintiff requests a declaration of ASIC's duties toward Bay Area under the policy.

Declaratory relief actions between insurers to determine a duty to defend or indemnify based on a policy between one of the insurers and an insured, who is not a party to the lawsuit, are not uncommon. "Declaratory relief may . . . be used to determine the duties of multiple insurers who may have overlapping obligations to the same insured."  Hon. Eileen C. Moore, *et al.*, Cal. Civ. Practice and Proc. ¶ 17:8 (Sep. 2009); *see, e.g., Md. Cas. Co. v. Nat'l Am. Ins. Co. of Cal.*, 48 Cal. App. 4th 1822 (1996); *State Farm Mut. Auto Ins. Co. v. Allstate Ins. Co.*, 9 Cal. App. 3d 508 (1970).

Based on the foregoing, Plaintiff adequately alleged the declaratory relief claim.  ASIC's motion to dismiss is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED:  March 3, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

7

08cv1057